[Civ. No. 5946. Fourth Dist. Mar. 6, 1959.]

In re ROGER JOSEPH HARVILL, a Minor.

Brumer & Hopson and John R. Hopson for Appellant.

Edmund G. Brown, Attorney General, and John M. Huntington, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant Roger Joseph Harvill, a minor, was charged with a violation of section 601.5 of the Vehicle Code, which provides in part: ''(a) No person shall engage in any motor vehicle speed contest or exhibition of speed on a highway and no person shall aid or abet in any such motor vehicle speed contest or exhibition on any highway.''

A hearing was had before a referee appointed by the juvenile court who found that the charge was true and recommended to the judge of the juvenile court that Harvill's operator's license be suspended for a period of three months and that he pay partial court costs amounting to the sum of $25. The findings and recommendation of the referee were approved by the judge of the juvenile court and declared to be the order of said court. Harvill appeals from this order, claiming that the evidence is insufficient to warrant the findings and that there was no proof of corpus delicti at the hearing before the referee.

Four witnesses were sworn and testified in substance as follows:

Frank H. Bennett, a traffic officer with the Corona Police Department, testified that on the morning of January 26, 1958, while at Fuller and East 6th Street in the city of Corona, he heard a loud noise . . . muffler sound . . . ''they revved up''; that he pulled out and saw appellant's car and a black Buick coming from the west ''at what I would estimate between 50 and 55 miles an hour''; that the vehicles were running ''neck and neck'' and appellant's car was a little bit ahead; that the cars were traveling easterly and the speed limit was 35 miles per hour for cars traveling in this direction; that when these cars passed him, he took after them; that appellant turned into a parking lot and he (Bennett) followed the Buick; that when he returned to the parking lot appellant was gone; that later appellant ''came in'' and was given a ticket for a violation of section 601.5 of the Vehicle Code.

Harvill testified that he was 17 years old at the time the citation was issued to him; that on the morning of January 26 he was coming home from church and Ruben Hernandez (who was driving the Buick) was traveling east on 6th Street; that he pulled up beside Hernandez and ''revved up'' his engine and they continued ''down the road and I went past Fuller and there saw Officer Bennett and I pulled into the parking lot.''

Hortensia Hernandez, who was riding in the Buick, testified

that when they came to the intersection of Fuller and 6th Streets the appellant came up to them and "revved up"; that they were traveling at about 30 to 35 miles per hour.

Ruben Hernandez testified that he did not think that appellant made any motion or indication that he wished to engage in a speed contest or race because he (Hernandez) did not have a racing car; that appellant was traveling a little faster than the Buick.

Kenneth Taten, who was riding with appellant, testified they were coming home from church when they saw a car that "had some girls in it" and he mentioned something to appellant about seeing the girls in the car and said, "Look at the chicks"; that they pulled up and appellant "revved his engine up" and caught up with the Buick.

The jurisdiction of the juvenile court over the appellant and the authority of the court to make the order involved is found in section 826.5 of the Welfare and Institutions Code. In *In re Schubert*, 153 Cal.App.2d 138, 143 [313 P.2d 968], the court said:

"Arguments . . . of the probative value of the evidence in the juvenile court are subject to the same constitutional rule that applies to all cases on appeal; if there is any substantial evidence to support the finding of the juvenile court, a court of review is without power to weigh or to evaluate it. A reviewing court must indulge in all reasonable inferences to support the findings of the juvenile court, and such findings will not be disturbed on appeal when there is substantial evidence to support them. (Citations.)"

Appellant contends that there was a failure to prove the elements of a speed contest as denounced in said section 601.5 of the Vehicle Code. However, an exhibition of speed on the highway is also prohibited by said section and the referee found to be true both the allegation of a speed contest and the allegation of an exhibition of speed.

There is no case authority or statutory definition as to what is meant by "speed contest" or "exhibition of speed" in this particular section of the Vehicle Code. Webster's New International Dictionary, 2d edition, defines contest as: "Earnest struggle for superiority, victory, defense, etc.; competition; . . ." The dictionary defines exhibition as "Act or instance of exhibiting for inspection, or of holding forth to view; manifestation; display." Thus it would appear that section 601.5 of the Vehicle Code could be violated by two or more persons competing in speed in vehicles on the highway

or by one person displaying the speed of his vehicle on the highway to another person in the first person's car or in another car.

■ While there is a conflict in the evidence as to the speed of the cars involved and as to whether there was a speed contest or exhibition of speed, there was sufficient substantial evidence presented by the traffic officer from which the court could reasonably infer that appellant by "revving up" his engine and by speeding at a rate of 55-60 miles per hour was exhibiting or displaying the speed of his car to the female occupants of the Buick. The testimony of the officer that he saw the cars running "neck and neck" at a speed of 50-55 miles per hour in a 35-mile zone and that appellant's car caught up with and passed the Buick, and other circumstances, are sufficient to support the "speed contest" charge.

■ Appellant states that since Ruben Hernandez was acquitted of violation of section 601.5 in a justice court that appellant could not have violated said section of the Vehicle Code as it takes two to make a contest. However, there is nothing in the record before us indicating such acquittal. The point was not raised in the juvenile court hearing and cannot be raised for the first time on appeal. (*Estate of Thatcher*, 120 Cal.App.2d 811, 815 [262 P.2d 337] ; *People* v. *Hartridge*, 134 Cal.App.2d 659, 667 [286 P.2d 72] ; *People* v. *Martin*, 128 Cal.App.2d 361, 364 [275 P.2d 635].)

The order appealed from is affirmed.

Griffin, P. J., and Shepard, J., concurred.