[Crim. No. 9806. Second Dist., Div. Four. April 16, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. GORDON G. GRIER, Defendant and Appellant.

Gwyn S. Redwine for Defendant and Appellant.

Robert G. Cockins, City Attorney (Santa Monica), Robert D. Ogle, Assistant City Attorney, Marshall Barth and Marcus Othello Tucker, Deputy City Attorneys, for Plaintiff and Respondent.

BURKE, P. J.—Does the excessive acceleration of an automobile on a highway in such manner as to cause the tires to scream loudly and to lose traction on the roadway constitute an "exhibition of speed on a highway" in violation of Vehicle Code section 23109? This is the question posed in this proceeding. It was determined affirmatively by the Judge of the Municipal Court of the Santa Monica Judicial District and the conviction of defendant in that court was affirmed on appeal by the appellate department of the superior court. The latter court, believing the question to be one of first

362

impression in this state, certified the case on its own motion to this court,[1] and this court ordered it transferred for hearing and decision.

By complaint filed by the City Attorney of the City of Santa Monica, defendant was charged with a violation of section 23109 of the Vehicle Code of the State of California, which provides in part: "(a) No person shall engage in any motor vehicle speed contest or exhibition of speed on a highway and no person shall aid or abet in any motor vehicle speed contest or exhibition on any highway."

Jury trial being waived, the action was tried by the court and defendant was convicted. Defendant asserts on appeal that the evidence was insufficient to show that he engaged in a speed contest or exhibition of speed in violation of the section.

 The police officer testified that he first saw defendant driving out of a private driveway onto the public street at which time the vehicle tires "peeled, screaming quite loud." The officer immediately took pursuit with several cars between his vehicle and that of defendant. Defendant came to a stop at a boulevard and then, making a right turn onto the boulevard, "his automobile tires again peeled, screeching, losing traction with the roadway." Defendant attained a speed of approximately 40 miles per hour by continuous acceleration within a distance of about three-quarters of a block.

Defendant took the stand in his own behalf and stated that the tires "possibly made some type of a slipping noise, possibly slipping on some sand or gravel" as he left the driveway but that he never heard anything; that as he turned onto the boulevard his tires "did make some squealing noise, about three times"; that he did not go in excess of 40 miles an hour and that he traveled at a safe speed. Defendant contends that before he could be held in violation of the section there must be an observer present. Otherwise, the display of acceleration would not constitute an exhibition. Furthermore, defendant must be conscious of an observer and there must be some evidence to justify the conclusion that defendant intended to make an exhibition of his speed before such an observer. Defendant cites In re Harvill, 168 Cal.App.2d 490, 492-493 [335 P.2d 1016]: "There is no case authority or statutory definition as to what is meant by 'speed contest' or 'exhibition of speed' in this particular

[1]Pursuant to rules 62 and 63 of the California Rules of Court.

section of the Vehicle Code. Webster's New International Dictionary, 2d edition, defines contest as 'Earnest struggle for superiority, victory, defense, etc.; competition; ...' The dictionary defines exhibition as 'Act or instance of exhibiting for inspection, or of holding forth to view; manifestation; display.' Thus it would appear that section 601.5 of the Vehicle Code could be violated by two or more persons competing in speed in vehicles on the highway or by one person displaying the speed of his vehicle on the highway to another person in the first person's car or in another car." *Harvill*, however, involved a speed contest between two automobiles; whatever was said concerning the exhibition of speed was obiter dictum.

In *Cowan* v. *Market Street Ry. Co.*, 8 Cal.App.2d 642, 646 [47 P.2d 752], the court stated: "[A]ll speed regulations are referable to the primary demand that all vehicles shall be operated at 'a careful and prudent speed not greater than is reasonable and proper' and that they shall not be operated in such a way 'as to endanger the life, limb or property of any person.'"

 It is common knowledge that maximum control of a vehicle upon the highway is maintained through the retention of traction between tires and pavement and that, during any process of skidding of the wheels of a vehicle, there is a corresponding diminution of the driver's control over the vehicle. Accordingly, safety measures are designed to reduce the skidding of vehicles, even during the process of reducing speed through the application of brakes. (See *Roberts* v. *Trans World Airlines*, 225 Cal.App.2d 344 [37 Cal.Rptr. 291].) Where a person accelerates a vehicle in such manner as to deliberately cause it to skid, he is not only diminishing his control but increasing the hazard to bystanders or other vehicles from flying gravel. Whether the action is deliberate or not is for the trier of fact under the circumstances of the particular case. Obviously, not all cases of tire "peeling" or "screeching" would constitute violations of the statute. It is also common knowledge that the deliberate screeching and screaming of tires on the pavement are tension producers which increase nervousness in drivers and others, thereby increasing the likelihood of accident.

 In its memorandum opinion, the appellate department of the superior court stated, in part: "The prohibition of subsection (a) of section 23109 of the Vehicle Code is against an 'exhibition of speed on a highway.' This wording

is in the alternative to the prohibition therein against 'any motor vehicle speed contest.' The elements of a 'contest' need not be present. The statute therefore covers much more than 'drag' races and similar 'contests.' Clearly such an 'exhibition' applies to appellant's driving prior to his arrest. . . . Such an exhibition was dangerous and imprudent, against which the charging statute inveighed. The record contains no evidence that the appellant did not intend to drive as he did.

 "The language of the section is not reasonably susceptible of a different construction than that which the trial court placed upon it, in which we concur. No particular type of audience to such an exhibition can nor need be implied in the statute. It was an exhibition of speed on a highway, as much as if it had been a prearranged affair with an invited or selected audience of observers."

 "Exhibition" is defined as: "An act or instance of showing, evincing, or showing off; . . ." (Webster's New Internat. Dict. (3d ed. 1961) p. 796.) Coupled as the word is in this statute with a prohibition against speed "contests," it may be argued that the statute requires not only an observer, but an observer known to defendant to be present and observing and an intent on the part of the defendant to impress that observer with the speed obtained—whether the impression be one of admiration, envy, disgust, fear or resentment. While the record here is totally void of any showing that defendant knew he was under observation, much less that he intended in any way to impress any possible observer, it was for the trier of fact to determine from the evidence adduced whether such intent might properly be inferred. Had this display of acceleration and peeling and screaming of tires taken place on a lonely strip of road in the Mojave desert with no one visible or within earshot, the point might have some merit. Here, the evidence showed this display took place in a highly developed and populated area. The officer testified several cars passed "behind the defendant" while the officer was leaving his observation post to pursue defendant. Not only is there evidence from which it may be inferred many persons were within earshot, but there was direct testimony that observers were present. There is no merit in the contention that the observer must be one known to the exhibitor.

We concur in the reasoning of the appellate department of the superior court and of the trial court. The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.