67 Cal.App.3d 222 (1977)
136 Cal. Rptr. 547
In re F.E., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
F.E., Defendant and Appellant.
Docket No. 49174.
Court of Appeals of California, Second District, Division Four.
February 16, 1977.
*223 COUNSEL
F.E., in pro. per., for Defendant and Appellant.
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
KINGSLEY, Acting P.J.
Appellant, a juvenile, appeals from an order denying his motion, made under section 567 of the Welfare and Institutions Code, for a rehearing of an adverse decision by a traffic referee of the juvenile court. We affirm the order.

I
We consider, first, a procedural issue. Appellant's motion for a rehearing was not made until 13 days after the referee's order. Section 800 of the Welfare and Institutions Code provides in pertinent part as follows: "A judgment or decree of a juvenile court or final order of a referee which becomes effective without approval of a judge of the *224 juvenile court assuming jurisdiction and declaring any person to be a person described in Section 600, 601, or 602, or on denying a motion made pursuant to Section 567, may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment."
Section 567 of that code provides: "Upon motion of the minor or his parent or guardian for good cause, or upon his own motion, a judge of the juvenile court may set aside or modify any order of a traffic hearing officer, or may order or himself conduct a rehearing. If the minor or parent or guardian has made a motion that the judge set aside or modify the order or has applied for a rehearing, and the judge has not set aside or modified the order or ordered or conducted a rehearing within 10 days after the date of the order, the motion or application shall be deemed denied as of the expiration of such period."
(1) Based on the final sentence of section 567, the Attorney General contends that the request for a rehearing must be made within 10 days from the date of the referee's order and that the juvenile court had no jurisdiction to act on a request made after that time had expired. We reject that contention. In In re Conley (1966) 244 Cal. App.2d 755 [53 Cal. Rptr. 321], the court considered the effect of a request similarly delayed. It said, at page 759: "We are of the opinion, however, that the 10-day period provision of section 567 is not jurisdictional but procedural. Its purpose is to compel the juvenile court to act in any of the respects provided for in section 567 within the allotted time, and, in the event the motion or application is deemed denied by the judge's failure to act within such time, to set in motion the right to appeal from such denial as provided in section 800."
In Conley, the juvenile court judge had granted the request and had conducted a rehearing. Since section 800 permits an appeal only from a denial of the 567 request and since the rehearing in that case had not resulted in an order under sections 600, 601 and 602 of the Welfare and Institutions Code, the court held that no appealable order existed. In the case at bench, however, the juvenile court judge denied the rehearing, resulting in an order expressly appealable under section 800.

II
Appellant was cited for two vehicle code violations: (1) failing to yield to pedestrians in a cross-walk, in violation of subdivision (a) of section *225 21950 of the Vehicle Code; and (2) accelerating an automobile in such a manner as to cause the rear tires to lose traction, in violation of subdivision (b) of section 23109 of the Vehicle Code. At the hearing on that citation, the referee dismissed the failing to yield count, but found appellant guilty on the second count. He imposed a $25 penalty.
(2) Subdivision (b) of section 23109 reads as follows: "No person shall engage in any motor vehicle exhibition of speed on a highway, and no person shall aid or abet in any motor vehicle exhibition of speed on any highway."
In People v. Grier (1964) 226 Cal. App.2d 360 [38 Cal. Rptr. 11], this court construed subdivision (a) of section 23109 in language equally applicable to subdivision (b). We said, at page 363: "It is common knowledge that maximum control of a vehicle upon the highway is maintained through the retention of traction between tires and pavement and that, during any process of skidding of the wheels of a vehicle, there is a corresponding diminution of the driver's control over the vehicle. Accordingly, safety measures are designed to reduce the skidding of vehicles, even during the process of reducing speed through the application of brakes. (See Roberts v. Trans World Airlines, 225 Cal. App.2d 344 [37 Cal. Rptr. 291].) Where a person accelerates a vehicle in such manner as to deliberately cause it to skid, he is not only diminishing his control but increasing the hazard to bystanders or other vehicles from flying gravel. Whether the action is deliberate or not is for the trier of fact under the circumstances of the particular case. Obviously, not all cases of tire `peeling' or `screeching' would constitute violations of the statute. It is also common knowledge that the deliberate screeching and screaming of tires on the pavement are tension producers which increase nervousness in drivers and others, thereby increasing the likelihood of accident."
The hearing before the referee was not reported but we have the referee's summary, which reads as follows:
"The officer gave a very clear concise statement, saying subj. turned rt. causing rear wheels to lose traction, nearly striking two peds in x-walk. That he continued to lose traction causing smoke and black tire marks to appear on the roadway for over 100 feet.
"Subj. states ther [sic] were no peds. in the area but admitted to a `slight burning' of rubber in the first two gears but `not over 30'.
*226 "I gave subj. the benefit of any doubt re peds  but as he admitted to burning rubber in two gears I sustained the exhibition."
Although appellant points to some ambiguities as to the applicable speed limit and to the distance the tire marks covered, we cannot say, on the record provided to us, that the referee erred in concluding that appellant's conduct was within that described in Grier.
The order is affirmed.
Dunn, J., and Jefferson (Bernard), J., concurred.
A petition for a rehearing was denied March 8, 1977.