Filed 4/26/13  P. v. Rubio CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIC MICHAEL RUBIO,<br><br>    Defendant and Appellant. | F064565<br><br>(Super. Ct. No. BF138725A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Wiseman, Acting P.J., Gomes, J., and Detjen, J.

**STATEMENT OF THE CASE**

On December 20, 2011, appellant, Eric Michael Rubio, was charged in an information with being a convicted felon in possession of ammunition (Pen. Code, § 12316, subd. (b)(1), count 1), misdemeanor driving a vehicle under the influence of alcohol (Veh. Code, § 23152, subd. (a), count 2), and misdemeanor driving with a blood alcohol level of .08 percent or higher (Veh. Code, § 23152, subd. (b), count 3). The information alleged as to counts 2 and 3 that appellant refused a blood alcohol test (Veh. Code, § 23612). It was further alleged that appellant had one prior serious felony conviction within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)).

At the conclusion of a hearing on January 27, 2012, to suppress evidence pursuant to Penal Code section 1538.5, the trial court denied appellant's motion. On February 3, 2012, appellant entered into a plea bargain and waived his rights pursuant to *Boykin/Tahl*.[1] Appellant pled no contest to the first two counts and admitted the three strikes allegation with the understanding that the trial court would strike it at the sentencing hearing. Under the plea agreement, the court would impose a term of two years on count 1 and a concurrent misdemeanor sentence on count 2. Appellant pled no contest to the first two counts, admitted the prior serious felony conviction allegation, and the remaining allegations were stricken pursuant to the plea agreement.

On March 16, 2012, the trial court struck the prior serious felony conviction and sentenced appellant pursuant to Penal Code section 1170, subdivision (h) to a term of two years on count 1 and a concurrent sentence of 90 days on count 2. The court imposed a restitution fine of $240 and granted two days of custody credits. Appellant contends that

---

[1] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

the trial court erred in denying his suppression motion. We disagree and affirm the judgment.

## FACTS

California Highway Patrol (CHP) Officer Jeremiah Bridges was on duty at 11:26 p.m. on September 15, 2011, when he saw appellant's GMC pickup truck break traction with the roadway as it exited a gas station parking lot. Bridges drove up behind appellant and initiated a traffic stop. Bridges talked to appellant through the open driver's side window. When Bridges asked appellant for his driver's license, vehicle registration, and proof of insurance, appellant did not immediately provide them.

Bridges observed that appellant's speech was slurred, he emitted the odor of alcohol from his breath, and his eyes were red and watery. Bridges could also see a green and white ammunition box on the bench seat directly beside appellant's right side. Bridges asked appellant to exit the vehicle to conduct a driving under the influence (DUI) investigation. Appellant complied and provided his driver's license.

Appellant refused to perform any field sobriety tests. Bridges believed appellant was under the influence of alcohol. Bridges arrested appellant for DUI. Bridges parked appellant's pickup truck in a nearby parking lot and placed the ammunition box under the seat.

Appellant refused to agree to any blood alcohol test. Appellant told Bridges that he did not have to submit to a blood alcohol test because he was no longer on parole. Appellant admitted that he had prior felony convictions. Bridges contacted the CHP dispatcher and learned that appellant had prior felony convictions, including a weapons conviction. Bridges later went back to appellant's pickup truck and retrieved the box of ammunition.

## DISCUSSION

Appellant contends there was insufficient evidence that he committed a Vehicle Code violation merely because he broke traction with the roadway and the officer did not have reasonable suspicion to conduct a vehicle stop of appellant. Appellant argues, therefore, that the trial court erred in denying his suppression motion.

When reviewing a trial court's ruling on a suppression motion, we accept the court's implicit or explicit factual findings when supported by substantial evidence and independently determine, in light of the facts so found, whether the search and seizure was reasonable. (*People v. Weaver* (2001) 26 Cal.4th 876, 924; *People v. Woods* (1999) 21 Cal.4th 668, 673; *People v. Watkins* (2009) 170 Cal.App.4th 1403, 1408 (*Watkins*).) Law enforcement officers may lawfully detain a motorist based on no more than a reasonable suspicion of a traffic violation or some other law. (*United States v. Sharpe* (1985) 470 U.S. 675, 682; *Watkins*, *supra*, 170 Cal.App.4th at p. 1408; *People v. Castellon* (1999) 76 Cal.App.4th 1369, 1376, fn. 3.)

Exhibition of speed is regulated by Vehicle Code section 23109.[2] Breaking traction with the roadway has long been considered within the purview of section 23109. In *People v. Grier* (1964) 226 Cal.App.2d 360, 363 (*Grier*), the court explained why breaking traction with the roadway presents a danger to other motorists and bystanders: "It is common knowledge that maximum control of a vehicle upon the highway is maintained through the retention of traction between tires and pavement and that, during any process of skidding of the wheels of a vehicle, there is a corresponding diminution of the driver's control over the vehicle. Accordingly, safety measures are designed to reduce the skidding of vehicles, even during the process of reducing speed through the application of brakes. [Citation omitted.] Where a person accelerates a vehicle in such

---

[2] All further statutory references are to the Vehicle Code.

4

manner as to deliberately cause it to skid, he is not only diminishing his control but increasing the hazard to bystanders or other vehicles from flying gravel. Whether the action is deliberate or not is for the trier of fact under the circumstances of the particular case. Obviously, not all cases of tire 'peeling' or 'screeching' would constitute violations of the statute. It is also common knowledge that the deliberate screeching and screaming of tires on the pavement are tension producers which increase nervousness in drivers and others, thereby increasing the likelihood of accident." (*Grier*, *supra*, 226 Cal.App.2d at p. 363; also see *In re F.E.* (1977) 67 Cal.App.3d 222, 225.)

There is no dispute that appellant broke traction with the roadway and this was directly observed by the officer. Appellant argues, however, that because not every instance of breaking traction with the roadway constitutes a violation of section 23109, and the officer observed no other discernable infraction or driving impairment, there was ipso facto no reasonable suspicion for the officer to detain him. We disagree.

A traffic stop that is lawful at its inception, based on a reasonable suspicion that a traffic violation has occurred, is not made unlawful because the officer does not ultimately cite the motorist. "A traffic stop is lawful at its inception if it is based on a reasonable suspicion that *any* traffic violation has occurred, even if it is ultimately determined that no violation did occur." (*Brierton v. Department of Motor Vehicles* (2005) 130 Cal.App.4th 499, 510; also see *People v. Miranda* (1993) 17 Cal.App.4th 917, 926 (*Miranda*).) Officer Bridges observed appellant break traction as he left a gas station. Had this occurred in a remote, unpopulated venue, perhaps appellant's argument would be more compelling.

Gas stations have many types of patrons, including motorists, bicyclists, and pedestrians. Appellant's conduct constituted a hazard to any other patrons using the gas station, as well as to motorists using the roadway appellant was entering. Even though Officer Bridges did not apparently observe appellant's tires smoking, or breaking traction

5

for an extended time or distance, appellant's actions presented Bridges with reasonable suspicion appellant had committed an infraction and was, therefore, subject to a traffic stop and a brief detention.  We conclude that Bridges's traffic stop was justified.

Bridges's arrest of appellant was permitted after appellant failed to initially provide his driver's license,[3] Bridges's observations that appellant showed obvious signs of alcohol intoxication, and the plain view sighting of the ammunition box on the seat next to appellant.

## DISPOSITION

The judgment is affirmed.

---

[3]     The failure to initially produce a driver's license may incrementally extend the duration of a traffic stop without causing the extended detention to become unreasonable. (*Miranda*, *supra*, 17 Cal.App.4th at p. 927.)