No. 50,487

STATE OF KANSAS, *Appellant*, v. WAYNE MEINERT, *Appellee*.

(594 P.2d 232)

Opinion filed May 5, 1979.

*Frank J. Yeoman, Jr.*, assistant district attorney, argued the cause and *Curt T. Schneider*, attorney general, and *Gene M. Olander*, district attorney, were with him on the brief for appellant.

*Cary L. Standiferd*, of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the State from an order of the district court dismissing a criminal complaint against Wayne Meinert on the ground that K.S.A. 21-3608(1)(*a*) is unconstitutionally vague. Defendant was charged under the statute with the offense of endangering a child. While the facts are not necessary in determining the question before this court, they will be recited briefly.

Defendant and Charlene Meinert were baby-sitting with three-year-old Jeanette Lowery. Defendant admitted having spanked Jeanette for urinating on the floor and not in the proper receptacle. The parents had not given the Meinerts permission to spank Jeanette. Ron Lowery, Jeanette's father, filed a complaint against Wayne Meinert alleging a violation of K.S.A. 21-3608(1)(*a*), stating in his affidavit supporting the complaint that red marks were still visible on the child's buttocks four hours after the spanking took place.

K.S.A. 21-3608 provides in pertinent parts:

"**Endangering a child.** (1) Endangering a child is willfully:

(*a*) Causing or permitting a child under the age of eighteen (18) years to suffer unjustifiable physical pain or mental distress; or

(*b*) Unreasonably causing or permitting a child under the age of eighteen (18) years to be placed in a situation in which its life, body or health may be injured or endangered."

Defendant contended that the words "unjustifiable physical pain" as used in the statute are unconstitutional and fail to sufficiently identify the prohibited conduct as required by section 10 of the Kansas Bill of Rights and the Fifth and Fourteenth Amendments to the United States Constitution. The trial court so held and we agree with the trial court.

When statutes are challenged as unconstitutional, certain principles guide this court's consideration.

"Long-standing and well established rules of this court are that the constitutionality of a statute is presumed, that all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution. Moreover, it is the court's duty to uphold the statute under attack, if possible, rather than defeat it, and if there is any reasonable way to construe the statute as constitutionally valid, that should be done. (*State, ex rel., v. Fadely,* 180 Kan. 652, 658, 659, 308 P.2d 537; *Wall v. Harrison,* 201 Kan. 600, 603, 443 P.2d 266; *Moore v. Shanahan,* 207 Kan. 645, 651, 486 P.2d 506; and 16 Am.Jur.2d, Constitutional Law, § 175, pp. 399-401.)" *Leek v. Theis,* 217 Kan. 784, 792-93, 539 P.2d 304 (1975).

The vagueness test applicable to criminal statutes was iterated in *State v. Kirby,* 222 Kan. 1, 563 P.2d 408 (1977):

"The test to determine whether a criminal statute is unconstitutionally void by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. If a statute conveys this warning it is not void for vagueness. Conversely, a statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. At its heart the test for vagueness is a commonsense determination of fundamental fairness." p. 4.

See also *Kansas City Millwright Co., Inc. v. Kalb,* 221 Kan. 658, 562 P.2d 65 (1977); *State v. Gunzelman,* 210 Kan. 481, 502 P.2d 705 (1972); *State v. Hill,* 189 Kan. 403, 369 P.2d 365 (1962).

In *State v. Hill,* we stated:

"It is well recognized that in order to satisfy the constitutional requirements of due process, a state statute must be sufficiently explicit in its description of the

acts, conduct or conditions required or forbidden, to prescribe the elements of the offense with reasonable certainty. The standards of certainty in a statute punishing for criminal offenses is higher than in those depending primarily upon civil sanction for enforcement. The offenses must be defined with appropriate definiteness. There must be ascertainable standards of guilt, but impossible standards of specificity are not required. Men of common intelligence cannot be required to guess at the meaning of the statute. The vagueness may be for uncertainty with respect to persons within the scope of the statute or in regard to applicable tests to ascertain guilt. The test is whether the language conveys a sufficient definite warning as to the proscribed conduct when measured by common understanding and practice. (*United States v. Cardiff,* 344 U.S. 174, 97 L.Ed. 200, 73 S.Ct. 189; *Cramp v. Board of Public Inst. of Orange County, Fla.,* 386 U.S. 278, 7 L.Ed.2d 285, 292, 82 S.Ct. 275; *Winters v. New York,* 333 U.S. 507, 92 L.Ed. 840, 68 S.Ct. 665; *Champlin Rfg. Co. v. Commission,* 286 U.S. 210, 76 L.Ed. 1062, 52 S.Ct. 559, 86 A.L.R. 403.)" pp. 410-411.

With the foregoing in mind, we now turn to the issue of whether K.S.A. 21-3608(1)(*a*) is unconstitutionally vague on its face.

The State relies principally on two decisions from other states upholding statutes containing similar language to that in 21-3608. In the early case of *People v. Curtiss,* 116 Cal. App. Supp. 771, 300 Pac. 801 (1931), a school teacher who had administered a severe spanking to a child was convicted under a statute which made it a misdemeanor to inflict "unjustifiable pain or mental suffering" on a child. Cal Penal Code, § 273a. On appeal the teacher contended, among other things, the statute was unconstitutionally vague and uncertain. The court upheld the validity of the statute comparing the test for justification to that of the reasonable man concept in civil negligence actions. The decision affirmed a decision of the Glendale Police Court and was rendered by a two judge court sitting as the appellate department of the Superior Court, Los Angeles County. It should also be noted that the California statute was much more detailed than 21-3608 and contained some definitional guidelines. We do not consider the decision persuasive.

The second and more recent case relied upon by the appellant is *State v. Comeaux,* 319 So.2d 897 (La. 1975). The defendant was convicted of "cruelty to a juvenile" in violation of La. Rev. Stat. Ann. § 14:93 (West), which provides in part:

"Cruelty to juveniles is the intentional or criminally negligent mistreatment or neglect, . . . of any child under the age of seventeen whereby unjustifiable pain or suffering is caused to said child." p. 898.

In *Comeaux* the charges against the defendant were based upon mistreatment of her five-year-old daughter. In upholding the validity of the statute the court specifically referred to other sections of the code which illuminated the questioned language. Two members of the Supreme Court of Louisiana dissented.

Nowhere in our criminal code is there any definition of "unjustifiable physical pain or mental suffering." In *State v. Kirby,* 222 Kan. 1, we held K.S.A. 21-3431 unconstitutional and said:

"In our judgment the phrase 'endangering of life' is vague and ambiguous. 21-3431 does not define 'endangering of life,' nor is the term defined in the definition section, 21-3110, or anywhere else in the criminal code. . . . Counsel for the state points out that on the one hand, the language could be construed to proscribe any act which possibly could imperil human life, no matter how remote that possibility might be. On the other hand, it could be construed to proscribe only those acts which are immediately and inherently life threatening. The difficulty with this argument is that, assuming the state is correct in its position, it would from a practical standpoint be impossible for a person of common intelligence in every factual situation to draw a clear line between acts which are and which are not immediately and inherently life threatening." p. 9.

It is to be noted that the title of the statute before us is "endangering a child" and in *Kirby* this court found the language "endangering of life" to be too indefinite to pass constitutional muster. Where is the line to be drawn in determining if discipline or other treatment of a child is justified or unjustified? How does one decide whether or not a spanking is due a child and, if so, should it be administered with the hands, a fly swatter, or a belt? Is one slap, two slaps, or five slaps too many? Are two hard slaps a violation of the statute but five very light slaps not? Do red marks lasting only one hour relieve one from prosecution? Some persons do not believe in any form of corporal punishment and to them any such treatment would be unjustified. On the other hand others may believe any correction, however severe, which produces temporary pain only, and no lasting injury or disfigurement, is justified. The statute could conceivably cover anything from a minor spanking or slapping to severe beating depending upon the personal beliefs of the individual. In *State v. Conley,* 216 Kan. 66, 531 P.2d 36 (1975), this court found the words "fondling or touching" in K.S.A. 21-3503(1)(*b*), L. 1969, ch. 180, to be indefinite, vague and overbroad in that they could conceivably cover anything from a handshake to sexual intercourse. 216 Kan. at 69.

In *City of Altamont v. Finkle,* 224 Kan. 221, 579 P.2d 712 (1978), the language "exhibition of speed or acceleration" contained in a city traffic ordinance was found to be vague and indefinite.

"Nowhere in the ordinance is there any attempt to define the words 'exhibition of speed or acceleration' or to delineate the proscribed conduct. Any interpretation of that portion of the ordinance, without additional allegations, is such that men of common intelligence must guess at its meaning and may differ as to its application and therefore the language standing alone does not meet the minimum standards required. Every attempt by a driver to proceed from a stopped position or to increase speed from a moving position could be considered by some persons as an 'exhibition of speed or acceleration.' How is the driver to know when he is committing an offense, and when he is not, where the question of an 'exhibition of speed or acceleration' is a matter for subjective determination lacking any objective standards?" p. 224.

Similarly, we are of the opinion that K.S.A. 21-3608(1)(*a*) is so vague and uncertain that it fails to establish the reasonably definite standards of guilt required by due process of law.

The judgment is affirmed.

McFARLAND and HERD, JJ., dissenting.