No. 51,748

State of Kansas, *Appellee,* v. Regina P. Brooks, *Appellant.*

(618 P.2d 830)

Opinion filed November 1, 1980.

*Stanley L. Basler,* of Cherryvale, argued the cause and was on the brief for the appellant.

*Glenn E. Casebeer, II,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Paul D. Oakleaf,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

McFarland, J.: Regina P. Brooks appeals from her jury trial convictions of two counts of endangering a child (K.S.A. 21-3608). Ms. Brooks raises a number of issues which fall generally into three categories: (1) Alleged trial errors in the admission of evidence; (2) insufficiency of the evidence; and (3) constitutionality of the statute under which she was convicted.

The unique facts of the case are so entwined in all issues that they must be set forth in considerable detail. Defendant is the mother of twin daughters, Monique and Mahogany, who were six months old on July 17, 1979, the date of the incident herein. The family resided in an apartment in Coffeyville, Kansas. Sometime between nine and ten o'clock on the evening in question one Carmen Sales, tenant of another apartment in the building, contacted Clarence Davis, the apartment maintenance man, and advised him that she was babysitting in the Brooks apartment and was locked out. Mr. Davis was unsuccessful in opening the door for Ms. Sales as the lock had been jammed. Through the window Davis observed two infants lying on the divan. Police officers were summoned and they forcibly entered the apartment. Officers observed that all gas jets on the burners of the cookstove were turned on with the pilot lights out. The police concluded that this condition could not have occurred accidentally. Both children were wet and soiled and appeared ill. The infants were taken to a local hospital where they recovered, although they were diagnosed as having a viral disease. At the hospital the police

questioned Ms. Sales, who advised that she was supposed to babysit with the children at the request of the defendant but had been unable to gain entrance to the apartment. Much later in the evening defendant came to the hospital but apparently was inebriated and officers learned little from her.

Based on the facts above stated, the police proceeded on the theory that defendant was the last person in the apartment and was directly responsible for conditions therein found.

Later, defendant delivered to the police an unsigned, voluminous, and partially unintelligible letter, which she advised had been received by her from Carmen Sales that day. Defendant offered the letter as an explanation of the incident. The police contacted Ms. Sales, who acknowledged the letter and deciphered same. With Ms. Sales' help words were written in ink over the unreadable penciled parts and Ms. Sales signed same in the officers' presence. The gist of the letter was that Ms. Sales was angry with defendant by virtue of defendant's overtures to Sales' boyfriend some six weeks prior to the incident, had threatened to harm defendant's children, and had turned on the gas, intending to harm the children. The State tried the case on the theory that: (1) Carmen Sales was a highly unstable person and such fact was known to defendant; (2) defendant knew that Carmen Sales was angry with her over her boyfriend; (3) defendant knew that Carmen Sales had threatened to harm the children; and (4) by leaving Carmen Sales alone with the children defendant "unreasonably and willfully put her children in a position where their life, body or health were in danger," contrary to K.S.A. 21-3608(1)(*b*), which provides:

"(1) Endangering a child is willfully:

. . . .

"(*b*) Unreasonably causing or permitting a child under the age of eighteen (18) years to be placed in a situation in which its life, body or health may be injured or endangered."

Carmen Sales was not charged with any crimes as a result of the incident and was not called as a witness at trial by either party, although she apparently would have been available. Various witnesses testified as to threats by Ms. Sales against the children, but all denied defendant's prior knowledge of same, as did defendant.

We shall now consider whether the evidence was sufficient to

sustain the convictions. The appropriate standard for appellate review is set forth in *State v. Peoples,* 227 Kan. 127, Syl. ¶ 2, 605 P.2d 135 (1980), as follows:

"In a criminal action where the defendant contends the evidence at trial was insufficient to sustain a conviction, the standard of review on appeal is: Does the evidence when viewed in the light most favorable to the prosecution convince the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt?"

There are serious questions present as to the propriety of much of the evidence. Without attempting to segregate improper evidence from proper evidence, we must conclude that the evidence as introduced was insufficient to sustain the convictions under the standard set forth in *Peoples.*

The central issue at trial should have been whether defendant willfully placed the children in the care of Carmen Sales, knowing it was likely Ms. Sales would intentionally harm the children or otherwise deliberately endanger their persons. This issue was obscured in a sea of testimony relative to the poor physical condition of the children, the lack of infant food in the apartment, the dirty condition of the children, the extreme heat of the apartment, defendant's inebriated condition at the hospital and apparent lack of concern for what had happened to the children, defendant's association with felons, her patronage of disreputable business establishments, and the fact defendant had never been married but had borne three children (the oldest child was not involved herein).

On the crucial issue the evidence was insufficient to sustain the convictions. By virtue of this conclusion other issues raised need not be determined.

The judgment is reversed. The convictions are reversed and the defendant is discharged therefrom.

FROMME, J., concurring only in the result. This appeal came to this court with three issues raised. The number one issue was whether the statute under which defendant was charged is constitutionally impermissible because of vagueness under the due process clauses. The issue, in my opinion, is basic to the appeal. It was properly raised and briefed by the parties. It should have been decided first before considering the remaining issues. If the statute K.S.A. 21-3608(1)(*b*) is unconstitutional the bench and bar are now entitled to a determination. By passing up the issue the

bench and bar naturally will assume the statute is constitutional and will continue to charge defendants under this statute. Later determination of the constitutional question may well result in letting a depraved parent go free to commit further grievous injury on a child.

The statute, K.S.A. 21-3608 reads as follows:

"(1) Endangering a child is willfully:

"(a) Causing or permitting a child under the age of eighteen (18) years to suffer unjustifiable physical pain or mental distress; or

"(b) Unreasonably causing or permitting a child under the age of eighteen (18) years to be placed in a situation in which its life, body or health may be injured or endangered.

"(c) Nothing in this section shall be construed to mean a child is endangered for the sole reason his parent or guardian, in good faith, selects and depends upon spiritual means alone through prayer, in accordance with the tenets and practice of a recognized church or religious denomination, for the treatment or cure of disease or remedial care of such child."

This court held that the first subsection of this statute, (1) (a), was unconstitutionally vague and indefinite in contravention of the due process clauses of the State Bill of Rights and the Federal Constitution. The decision was handed down in *State v. Meinert*, 225 Kan. 816, 594 P.2d 232 (1979). That decision relied in part on *State v. Kirby*, 222 Kan. 1, 563 P.2d 408 (1977). In *Meinert* the court noted that the title of the statute, "endangering a child," was quite similar to the phrase, "endangering of life," which had been held too indefinite to pass constitutional muster in *Kirby*.

In my opinion there is sufficient question as to the constitutionality of K.S.A. 21-3608(1)(b) that this court for the benefit of the bench and bar should answer the question of constitutionality now when it is first raised. Therefore, I concur only in the result reached by the court where it was able to determine that the evidence introduced at the trial was insufficient to sustain the convictions. There is as much or more question as to the sufficiency of the evidence as there is to the constitutionality of the statute.

PRAGER, J., concurs in the result and joins the foregoing concurring opinion.