No. 53,689

STATE OF KANSAS, *Plaintiff/Appellant, Cross-Appellee,* v. EUGENE CARPENTER, *Defendant/Appellee, Cross-Appellant.*

(642 P.2d 998)

Opinion filed April 3, 1982.

*Bruce T. Smith,* legal intern, argued the cause, and *Robert T. Stephan,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for the appellant, cross-appellee.

*William K. Rork,* of Topeka, argued the cause and was on the brief for the appellee, cross-appellant.

The opinion of the court was delivered by

PRAGER, J.: This is a criminal action in which the defendant, Eugene Carpenter, was charged with two misdemeanors. Count 1 of the complaint charged the offense of obstructing legal process or official duty (K.S.A. 21-3808). Count 2 charged the offense of operating a vehicle with defective equipment (K.S.A. 8-1701). At the commencement of the trial, the trial court dismissed the second count, holding the statute, K.S.A. 8-1701, to be unconstitutionally vague. The case then proceeded to trial on count 1. The defendant was convicted of obstructing legal process or official duty. The State has appealed from the trial court's holding that K.S.A. 8-1701 is unconstitutionally vague. The defendant has cross-appealed his conviction on count 1, contending that the

trial court erred in failing to give a requested instruction on the lesser offense of disorderly conduct (K.S.A. 21-4101).

The facts in this case are undisputed. The defendant, Eugene Carpenter, was stopped by a Shawnee County sheriff's officer because his car had a broken windshield. The defendant immediately became uncooperative and belligerent toward the officer. He became combative when the officer tried to arrest him. Another officer had to assist in restraining the defendant. The defendant was arrested and taken to the Shawnee County jail where he was charged with obstructing legal process or official duty under K.S.A. 21-3808 and operating a motor vehicle with defective equipment under K.S.A. 8-1701.

The State's appeal raises a single issue: That the trial court erred in holding K.S.A. 8-1701 unconstitutional on the grounds of vagueness. K.S.A. 8-1701(a) provides as follows:

"(a) *It is a misdemeanor for any person to drive* or move or for the owner to cause or knowingly permit to be driven or moved on any highway *any vehicle* or combination of vehicles, *which is in such unsafe condition as to endanger any person;* or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this article, or which is equipped in any manner in violation of this article, or for any person to do any act forbidden or fail to perform any act required under this article." (Emphasis supplied.)

The trial court held unconstitutional that portion of K.S.A. 8-1701(a) that makes it a misdemeanor for any person to drive a motor vehicle "which is in such unsafe condition as to endanger any person." The remaining portions of K.S.A. 8-1701(a) declare, in substance, that it is a misdemeanor for any person to drive a motor vehicle "which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper adjustment as required in this article [art. 17] or which is equipped in any manner in violation of this article, or for any person to do any act forbidden or fail to perform any act required under this article."

In order to consider the issue in proper perspective, it is important to note the other sections of K.S.A., article 17, chapter 8. K.S.A. 8-1701 through 8-1760 are a part of the Uniform Act Regulating Traffic on Highways which was adopted at the time of a major revision of the chapter by the legislature in 1974. Article 17 covers the equipment required on motor vehicles and sets forth with great specificity the requirements for lamps, lighting

equipment, brakes, and other miscellaneous equipment such as horns, warning devices, mufflers, mirrors, windshields, windows, tire equipment, safety glazing materials, flares or warning devices, air-conditioning equipment, television receivers, and safety belts and shoulder harnesses. K.S.A. 8-1750 through 8-1760 provide for motor vehicle inspection. K.S.A. 8-1701 is the general section which makes it a misdemeanor to drive a motor vehicle which is not equipped as required by the various sections in article 17. It should be noted that the language in K.S.A. 8-1701 goes beyond the specific equipment requirements discussed above. It contains a general prohibition against driving a motor vehicle "which is in such unsafe condition as to endanger any person." It is this particular provision of K.S.A. 8-1701 which we have before us for consideration.

At the trial, the defendant contended and the trial court held that the portion of K.S.A. 8-1701 which makes it a misdemeanor to drive a motor vehicle "which is in such unsafe condition as to endanger any person" is unconstitutionally vague in that it fails to sufficiently identify the prohibited conduct as required by section 10 of the Kansas Bill of Rights and the Fifth and Fourteenth Amendments to the United States Constitution. We have concluded that the ruling of the trial court was correct.

When statutes are challenged as unconstitutional on the grounds of vagueness, certain principles have been adopted as a guide for this court's consideration. In *State v. Meinert,* 225 Kan. 816, 594 P.2d 232 (1979), it was held that long and well established rules of this court are that the constitutionality of a statute is presumed, that all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution. The test to determine whether a criminal statute is unconstitutional by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. A statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. At its heart, the test for vagueness is a commonsense determination of fundamental fairness. These general principles have been recognized in other Kansas cases. See for example *State*

*v. Kirby,* 222 Kan. 1, 563 P.2d 408 (1977); *Kansas City Millwright Co., Inc. v. Kalb,* 221 Kan. 658, 562 P.2d 65 (1977); *State v. Hill,* 189 Kan. 403, 369 P.2d 365 (1962).

In *Kirby,* it was held that the phrase "endangering of life" is vague and ambiguous, since there is no universally accepted definition of the term "endangering of life" which exists within the common knowledge of the population of this state. It was further held that K.S.A. 1976 Supp. 21-3431 was not sufficiently definite in its description of the acts or conduct forbidden, when measured by common understanding and practice, as to satisfy the constitutional requirements of due process of law. More recently in *State v. Meinert,* 225 Kan. 816, the test discussed above was applied and it was held that K.S.A. 21-3608(1)(*a*), which charged the offense of endangering a child, was unconstitutionally vague.

In the recent case of *City of Altamont v. Finkle,* 224 Kan. 221, 579 P.2d 712 (1978), a city traffic ordinance which charged the defendant with an "unlawful exhibition of speed or acceleration" was held unconstitutionally vague on the basis that the ordinance was so vague and indefinite that a person charged in such terms could not be expected to understand the nature and elements of the alleged violation. In the opinion, the court pointed out that nowhere in the ordinance was any attempt made to define the term "exhibition of speed or acceleration" or to delineate the proscribed conduct.

With the foregoing general principles in mind, we now turn to the issue of whether that portion of K.S.A. 8-1701 which makes it a misdemeanor for a person to drive a motor vehicle "which is in such unsafe condition as to endanger any person" is unconstitutionally vague. The trial court held that a person reading the statute could not reasonably be expected to know what "unsafe condition as to endanger any person" referred to. The court whimsically commented that, in regard to a windshield, a person could not know whether a little crack was sufficient or whether the windshield had to be hit by a herd of elephants. We cannot disagree with the trial court's conclusion. We note that K.S.A. 8-1741 covers the subject of windshields on motor vehicles. That section provides as follows:

"8-1741. **Windshields and windows; obstruction or impairment prohibited; wipers.** (*a*) No person shall drive any motor vehicle with any sign, poster or other

nontransparent material upon the front windshield, side wings or side or rear windows of such vehicle which materially obstructs, obscures or impairs the driver's clear view of the highway or any intersecting highway.

"(b) The windshield on every motor vehicle shall be equipped with a device for cleaning rain, snow or other moisture from the windshield, which device shall be so constructed as to be controlled or operated by the driver of the vehicle.

"(c) Every windshield wiper upon a motor vehicle shall be maintained in good working order."

It should be noted that there is nothing in K.S.A. 8-1741 which makes it an offense to drive a motor vehicle which contains a crack in the windshield. If the legislature had so desired, it could have legislated in that area, but it did not do so.

The legal conclusion that the challenged language in K.S.A. 8-1701 is unconstitutionally vague is supported by case law from other jurisdictions. We note for example *State v. Pigge,* 79 Idaho 529, 322 P.2d 703 (1957). In *Pigge,* an Idaho statute prohibited the operation of a motor vehicle on public highways "in such manner as to endanger or be likely to endanger persons or property." The Supreme Court of Idaho held the statute to be unconstitutionally vague, stating that operators of vehicles on a public highway have a right to know what acts are prohibited and condemned and what act or acts are to be avoided.

In *State v. Huffman,* 202 Neb. 434, 275 N.W.2d 838 (1979), a Nebraska statute provided that any person who operates a vehicle in a manner "so as to endanger or be likely to endanger any person or property" shall be guilty of careless driving. The Supreme Court of Nebraska held the statute to be unconstitutionally vague, stating that a statute which forbids doing of an act in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application, violates the first essential element of due process of law. Citing an earlier case, it noted that, in a broad sense, the mere operation of a motor vehicle endangers the safety of others to some extent.

In *People v. Firth,* 3 N.Y.2d 472, 168 N.Y.S.2d 949 (1957), a New York statute provided that no person shall operate a motor vehicle or motorcycle upon a public highway "at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property." The Court of Appeals of New York held that this statute was too vague and indefinite to constitute a sufficient definition of criminal conduct,

since it did not contain a sufficient standard by which a driver's conduct could be tested.

Based upon the Kansas cases and the cases from other jurisdictions mentioned above, we hold that that portion of K.S.A. 8-1701 which makes it a misdemeanor for any person to drive a motor vehicle "which is in such unsafe condition as to endanger any person" is unconstitutionally vague. In so holding, it then becomes necessary for us to determine whether the language "which is in such unsafe condition as to endanger any person" is severable from the remainder of K.S.A. 8-1701 so that those words may be stricken from K.S.A. 8-1701 and the balance of that statute upheld. In this regard, the rule is well recognized that whether this court may sever an unconstitutional portion of a statute and leave the remainder in force and effect depends on the intent of the legislature. If, from the examination of a statute, it can be said that the act would have been passed without the objectionable portion and if the statute would operate effectively to carry out the intention of the legislature with such portion stricken, the remainder of the statute will stand. *Felten Truck Line v. State Board of Tax Appeals,* 183 Kan. 287, 300, 327 P.2d 836 (1958). In *Felten Truck Line,* the court noted that whether or not the legislature provided for a severability clause is of no importance, and this court will assume severability, if the unconstitutional part can be severed without doing violence to the legislative intent. See also *Gumbhir v. Kansas State Board of Pharmacy,* 228 Kan. 579, 588, 618 P.2d 837 (1980), and *State, ex rel., v. City of Overland Park,* 215 Kan. 700, 527 P.2d 1340 (1974).

We have no hesitancy in holding that, after striking from K.S.A. 8-1701 the phrase "which is in such unsafe condition as to endanger any person," the balance of that statute may be upheld. The removal of that portion would not appear to affect, impair, or invalidate the remainder thereof. The valid portion of the statute remaining can then be read and applied as follows:

"8-1701. **Scope and effect of sections in article 17; unlawful acts.** (*a*) It is a misdemeanor for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or combination of vehicles . . . which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this article, or which is equipped in any manner in violation of this article, or for any person to do any act forbidden or fail to perform any act required under this article."

It is obvious, from an analysis of article 17 of chapter 8 as a whole, that K.S.A. 8-1701 is the general section which makes it a misdemeanor for a motor vehicle to be driven on any highway which does not meet the requirements of those sections of article 17 pertaining to the equipment of motor vehicles. We, therefore, hold that, although the particular portion of K.S.A. 8-1701 discussed above is unconstitutionally vague, the balance of the statute, after deleting that portion, is constitutional and enforceable.

We now turn to consider defendant's cross-appeal in which he contends that the trial court erred in failing to give to the jury an instruction on disorderly conduct under K.S.A. 21-4101 as a lesser offense of obstructing legal process or official duty under K.S.A. 21-3808. In determining this issue, we should note the language of those two statutes. K.S.A. 21-3808 provides as follows:

"21-3808. **Obstructing legal process or official duty.** Obstructing legal process or official duty is knowingly and willfully obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty.

"Obstructing legal process or official duty in a case of felony is a class E felony. Obstructing legal process or official duty in a case of misdemeanor or a civil case is a class A misdemeanor."

K.S.A. 21-4101 defines disorderly conduct as follows:

"21-4101. **Disorderly conduct.** Disorderly conduct is, with knowlege or probable cause to believe that such acts will alarm, anger or disturb others or provoke an assault or other breach of the peace:

"(*a*) Engaging in brawling or fighting; or

"(*b*) Disturbing an assembly, meeting, or procession, not unlawful in its character; or

"(*c*) Using offensive, obscene, or abusive language or engaging in noisy conduct tending reasonably to arouse alarm, anger or resentment in others.

"Disorderly conduct is a class C misdemeanor."

The issue presented is whether disorderly conduct K.S.A. 21-4101 is a lesser offense of obstructing legal process or official duty under K.S.A. 21-3808. K.S.A. 21-3107(2) and (3) provide:

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(*a*) A lesser degree of the same crime;

"(*b*) An attempt to commit the crime charged;

"(*c*) An attempt to commit a lesser degree of the crime charged; or

"(d) A crime necessarily proved if the crime charged were proved.

"(3) In cases where the crime charged may include some lesser crime it is the duty of the trial court to instruct the jury, not only as to the crime charged but as to all lesser crimes of which the accused might be found guilty under the information or indictment and upon the evidence adduced, even though such instructions have not been requested or have been objected to."

In *State v. Woods,* 214 Kan. 739, 522 P.2d 967 (1974), it was held that, if a lesser offense is to be considered a lesser included offense under the law, all elements necessary to prove the lesser offense must be present and be required to establish the elements of the greater offense charged. If each is a separate and distinct offense, requiring proof of an element not necessary in the other, then neither can be a lesser degree of the other offense. In *State v. Arnold,* 223 Kan. 715, 576 P.2d 651 (1978), it was held that a lesser offense is considered a lesser included offense under K.S.A. 21-3107(2)(d) when all elements necessary to prove the lesser offense are present to establish the elements of the greater offense. If the lesser offense requires proof of an element not necessary in the greater it is not a lesser included offense and the court should not give an instruction on the lesser offense. In comparing K.S.A. 21-4101 and K.S.A. 21-3808, it is clear that there are no common elements except that each of the crimes must be done willfully and knowingly. There are no required elements of proof under K.S.A. 21-4101 which exist in the offense proscribed by K.S.A. 21-3808. We have concluded that there are no identical elements existing between the two statutes which would require an instruction on disorderly conduct under K.S.A. 21-4101 where a defendant is charged with the offense of obstructing legal process or official duty under K.S.A. 21-3808.

The judgment of the district court is affirmed both as to the appeal of the State and the cross-appeal of the defendant.

MCFARLAND, J., concurring and dissenting. I do not find any portion of K.S.A. 8-1701 constitutionally impermissible, and dissent from that portion of the opinion which holds otherwise. I concur with the majority opinion as to the issue involving disorderly conduct.