(752 P.2d 1086)

No. 60,170

CITY OF WICHITA, *Appellee*, v. ROBERT C. HUGHES, *Appellant*.

Opinion filed April 14, 1988.

*James S. Phillips, Jr.,* of Phillips & Phillips, Chartered, of Wichita, for the appellant.

*Elizabeth Harlenske,* assistant city attorney, for the appellee.

Before ELLIOTT, P.J., DAVIS and LARSON, JJ.

LARSON, J.: Robert C. Hughes appeals from a jury conviction of one count of disturbing the peace. Wichita City Code § 5.24.030.

Hughes challenges the constitutionality of the ordinance and raises multiple issues related to his prosecution.

Hughes called the Wichita Eagle Beacon on the public pay telephone from the Ken-Mar Pharmacy to voice his displeasure over the newspaper's failure to run his advertisement of a garage sale. A sales representative conducting inventory in the pharmacy heard Hughes yelling and shouting on the telephone. He testified that Hughes screamed obscenities and shouted about the Vietnam War and "the Commies and Jews" who had sent him there.

One of the pharmacy's owners, who could hear Hughes' loud talking but was unable to understand specific words, telephoned the police. Nobody in the pharmacy approached Hughes nor asked him to quiet down or leave the premises.

Officer Crump of the Wichita Police Department answered the request for assistance. Crump asked Hughes to hang up the telephone and, according to the sales representative, Hughes stated that he was "going to have to leave, the pigs are here and they want to harass me."

Officer Crump disconnected the telephone call and Hughes called Officer Crump a "pig," "nigger," and "homosexual." At this juncture, Officer Perkins of the Wichita Police Department arrived at the scene. Hughes continued his derogative remarks calling the officers homosexuals and stating they were employed by a "homosexual organization." Hughes was escorted outside the pharmacy by the police officers, patted down, placed under arrest, handcuffed, and taken to the police station.

Hughes' description of the events differs remarkably from the versions of the witnesses and police officers. Hughes denies uttering racial slurs or profanity, and contends he was not shouting or screaming while using the telephone. Hughes does concede he told the officers the pharmacy owners wanted him to leave because they were a "bunch of Jew capitalists" which Hughes contends was intended as a joke. Hughes further contends Officer Crump called him a "faggot" and a "nigger," but admitted he himself referred to the Sedgwick County Jail as an "institution of homosexualism," which opinion he obtained from reading newspaper articles.

Hughes was charged by a complaint with "disorderly conduct

[*sic*] yelling and screaming & disturb [*sic*] the peace over the telephone while at Ken Mar Pharmacy at 4728 E. 13th." Hughes was found guilty in municipal court and appealed the verdict to the district court. A district court jury found Hughes guilty as charged.

Hughes filed post-trial motions for arrest of judgment, acquittal, and a new trial, all of which were denied. Hughes was sentenced to a two-year period of probation.

Hughes appeals. He claims as trial errors an insufficient complaint, insufficient evidence, and the unconstitutionality of the ordinance. Because this appeal can be decided by determining the constitutionality of the ordinance, we will consider this issue first.

The applicable Wichita ordinance is § 5.24.030, which reads as follows:

"Any person in the city who wilfully disturbs the peace and quiet of any person, family or neighborhood is guilty of a misdemeanor."

Hughes contends the ordinance is vague, indefinite, and restrictive of free speech and, therefore, is unconstitutional. The City recognizes the ordinance may be overbroad, but contends *State v. Huffman,* 228 Kan. 186, 612 P.2d 630 (1980), requires it to be authoritatively construed to apply only to "fighting words" and, when so construed, it may be constitutionally applied.

The longstanding and well-established rules of this court are that the constitutionality of a statute is presumed, that all doubts must be resolved in favor of its validity, and, before the ordinance may be stricken down, it must clearly appear to violate the constitution. Moreover, it is the court's duty to uphold the ordinance under attack, if possible, rather than defeat it, and if there is any reasonable way to construe the ordinance as constitutionally valid, that should be done. See *State v. Meinert,* 225 Kan. 816, 817, 594 P.2d 232 (1979), and cases cited therein.

Although closely related, overbreadth and vagueness are distinct concepts. An overbroad statute makes conduct punishable which is constitutionally protected. *State v. Allen & Rosebaugh,* 1 Kan. App. 2d 32, 562 P.2d 445 (1977). A statute which forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as

to its application is violative of due process. At its heart, the test for vagueness is a common-sense determination of fundamental fairness. *State v. Kirby*, 222 Kan. 1, 4, 563 P.2d 408 (1977).

The fundamental principles which chart the permissible course for government regulation of speech are clearly stated in *Huffman*:

"The First Amendment guarantee of freedom of speech forbids the States to punish use of language and words except in certain 'narrowly limited classes of speech.' *Chaplinsky v. New Hampshire*, 315 U.S. at 571. 'Because First Amendment freedoms need breathing space to survive, government may regulate in the area only with narrow specificity.' *N.A.A.C.P. v. Button*, 371 U.S. 415, 433, 9 L. Ed. 2d 405, 83 S. Ct. 328 (1963). Limited categories of speech which are not protected by the First Amendment include: Fighting words—*Chaplinsky v. New Hampshire*, 315 U.S. 568; obscenity—*Miller v. California*, 413 U.S. 15, 37 L. Ed. 2d 419, 93 S. Ct. 2607 (1973), and *Roth v. United States*, 354 U.S. 476, 1 L. Ed. 2d 1498, 77 S. Ct. 1304 (1957); libel—*Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997 (1974), and *New York Times Co. v. Sullivan*, 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710 (1964); and incitement—*Brandenburg v. Ohio*, 395 U.S. 444, 23 L. Ed. 2d 430, 89 S. Ct. 1827 (1969), and *Feiner v. New York*, 340 U.S. 315, 95 L. Ed. 295, 71 S. Ct. 303 (1951)." 228 Kan. at 190.

The wording of the pre-1969 Kansas statute, K.S.A. 21-950 (Corrick), is substantially the same as the Wichita ordinance in issue.

When the Kansas Criminal Code was enacted in 1969, "disturbing the peace" was changed to "disorderly conduct." K.S.A. 21-4101, including the history and the Judicial Council comment, reads as follows:

"**Disorderly conduct.** Disorderly conduct is, with knowledge or probable cause to believe that such acts will alarm, anger or disturb others or provoke an assault or other breach of the peace:

"(a) Engaging in brawling or fighting; or

"(b) Disturbing an assembly, meeting, or procession, not unlawful in its character; or

"(c) Using offensive, obscene, or abusive language or engaging in noisy conduct tending reasonably to arouse alarm, anger or resentment in others.

"Disorderly conduct is a class C misdemeanor.

"History: L. 1969, ch. 180, § 21-4101; July 1. 1970.

"Source or prior law: 21-949, 21-950.

"Judicial Council, 1968: This section covers conduct formerly called disturbing the peace. The phrase 'disorderly conduct' is thought to be a more accurately descriptive one. *Also the section seeks specifically to identify the conduct prohibited.*" (Emphasis added.)

The City of Wichita asks us to hold that *State v. Huffman*,

which found K.S.A. 21-4101 unconstitutionally overbroad but authoritatively construed the statute to prohibit only non-constitutionally protected speech such as "fighting words," requires a similar holding to a Wichita ordinance of an earlier generation which is clearly overbroad, vague, and violative of constitutionally protected due process and free speech. We decline to do so.

It would be implausible to say the words used by Hughes are pleasant, desirable, or acceptable to most persons but they are by no means uncommon. "It is highly doubtful that the government has much of a legitimate interest in punishment of 'name calling' between private parties." *Tollett v. United States*, 485 F.2d 1087, 1093 (8th Cir. 1973). This being the case, a city that believes a legitimate interest is involved must fashion its ordinances with heightened precision and accuracy.

We hold the ordinance in question unconstitutional because it forbids actions in terms so vague that persons of common intelligence must necessarily guess as to its meaning and differ as to its application. *State v. Kirby*, 222 Kan. 1.

We decline in this case to authoritatively construe this ordinance, which is doubtful and uncertain in its meaning and fails to define the standard of responsibility with requisite narrow specificity.

Reversed.