No. 23025.

The People of the State of Colorado *v.*
Larry Eugene Heckard.
(431 P.2d 1014)

Decided October 2, 1967.

20

Duke W. Dunbar, Attorney General, H. R. Harward, District Attorney, Bruce Johnson, Deputy, for petitioner.

Frederickson and Schalow, for respondent.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

The sole question involved in this Writ of Certiorari is whether the Colorado statute pertaining to drag racing of automobiles, *i.e.,* "speed contests" (C.R.S. 1963, 13-5-143), is so vague and indefinite as to violate the due process clauses of the Fourteenth Amendment to the United States Constitution and of Article II, Section 25 of the Colorado constitution.

The record discloses that the respondent, Larry Eugene Heckard, was charged with the misdemeanor offense of violating the aforesaid statute which provides in pertinent part:

"\* \* \* (1) No person shall engage in any motor

vehicle speed or acceleration contest or exhibition of speed or acceleration on a highway and no person shall aid or abet in any such motor vehicle speed or acceleration contest or exhibition on any highway.

"(2) No person shall for the purpose of facilitating or aiding or as an incident to any motor vehicle speed or acceleration contest upon a highway in any manner obstruct or place any barricade or obstruction or assist or participate in placing any such barricade or obstruction upon any highway."

The county court of Fremont County dismissed the complaint on motion on the ground that the statute was too vague, uncertain and indefinite to be enforced. The district court upheld the dismissal on appeal. We granted Certiorari upon petition by the People. Without further elaboration of the facts we turn to the issue to be decided.

Inherent in due process is the concept of fairness which requires the legislature to frame criminal statutes with sufficient clarity so as to inform persons subject to such laws of the standards of conduct imposed, *i.e.*, give a fair warning of the forbidden acts. *Cline v. Frink Dairy Company*, 274 U.S. 445, 47 S. Ct. 681, 71 L. Ed. 1146 (1927); *Memorial Trusts v. Beery*, 144 Colo. 448, 356 P.2d 884 (1960); *Flank Co. v. Tennessee Co.*, 141 Colo. 554, 349 P.2d 1005 (1960). And, such laws must be drafted so that innocent persons who desire to comply with them will be able to do so. Of course, definiteness must also provide the police and prosecution with clearly-defined standards. These in turn serve to lessen the effect of personal judgment and discrimination upon enforcement processes. Obviously such statutes must provide standards sufficiently precise to inform a court and jury whether a crime has been committed and proved. When there is no reasonably ascertainable standard of guilt, the criminal process may lie open to whim and caprice which is abhorrent to our system of fair play and justice.

In *Memorial Trusts, supra*, this court adopted the

test of vagueness stated in *Connally v. General Construction Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 127, 70 L. Ed. 322, 328 (1926). It was there said quoting *Connally* that: "* * * a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. * * *"

In *Dekelt v. People*, 44 Colo. 525, 99 P. 330 (1908), a case involving interpretation of a criminal statute, this court stated:

"* * * So that the cardinal rule to be observed in construing a statute is to ascertain the intent of the legislature in passing it, and to this end it is to be given that possible construction which will render it effective, and accomplish the purpose of the legislative intent, if such intent can be ascertained and reasonably inferred by permitted legal means. (Citations omitted.)

"In ascertaining the intention of the legislature where the words employed in a statute are not explicit, it is permissible to take into consideration the necessity for the law and the remedy in view, and that intention is to be presumed which is consonant with reason and will tend to afford a remedy for the evils which it is the purpose of the law to guard against."

When that rule is added to the basic one that a court should "never declare a statute void, unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt" [*People ex rel. v. Letford*, 102 Colo. 284, 79 P.2d 274 (1938)] the framework to interpret this statute is well defined.

As we analyse C.R.S. 1963, 13-5-143, we find that paragraph (1) defines two primary offenses, *viz.*, the "speed or acceleration contest," and the "exhibition of speed or acceleration." "Speed" and "acceleration" are related terms. The former refers to the act or state of moving swiftly, while "acceleration" means the act of increasing the speed. *Webster's Third New*

*International Dictionary* (1961). This statute, however, does not proscribe such conduct without further qualification for it next provides that the speed or acceleration must occur under circumstances of a "contest" or "exhibition" on a highway. A "contest" ordinarily implies a plurality of participants in a deliberate, competitive act (here of speed or acceleration), while an "exhibition" implies a person's display, for the purpose of attracting public attention, of the same acts. In our view, the terms employed in the instant statute give a clear and meaningful definition by virtue of their relation to each other. Besides, "speed" and "acceleration" are commonly used and understood words which are not necessary to reduce to more precise meanings than as used in this act.

When C.R.S. 1963, 13-5-143 is construed as above detailed, it is apparent that paragraph (1) forbids intentional participation in operating motor vehicles competitively to test the swiftness of the vehicles involved. Further, it prohibits an individual's deliberate drawing of public attention to the vehicle's quality for swiftness. The added prohibition of aiding or abetting the primary offense needs no interpretation here, since this language imposes the ordinary common law accessorial liability. And, in our view, the language of paragraph (2) provides definite warning when that language is measured by common understanding and practice. For these reasons we consider the provisions of C.R.S. 1963, 13-5-143, as herein construed, to be sufficiently definite to meet the constitutional requirements of due process of law.

It is a well known fact, of which we take judicial notice, that today's automobiles are capable of high speeds and that reckless individuals often press their vehicles to the maximum. Legislative recognition of our ever growing highway death toll certainly can and has resulted in an attempt to impose penalties for irresponsible use of our highways.

The judgment is therefore reversed and the cause is remanded for further proceedings in accordance with the views expressed herein.