## No. 25602

**The People of the State of Colorado v. John A. Hucal**
(513 P.2d 454)

Decided August 20, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

John L. Springer, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

Defendant, John A. Hucal, was convicted by a jury of theft, 1967 Perm. Supp., C.R.S. 1963, 40-5-2. This court affirmed the judgment entered on the verdict in *Hucal v. People,* 176 Colo. 529, 493 P.2d 23 (1971). Defendant subsequently filed a motion in Denver District Court under Crim. P. 35(b) seeking to have his conviction set aside on the grounds that the theft statute is unconstitutionally vague on its face. The district court denied the motion and defendant prosecutes this appeal.

■ Defendant argues that the theft statute is unconstitutionally vague in that the gravamen of the offense, as defined in 1967 Perm. Supp., C.R.S. 1963, 40-5-2(1)(b), (c), is the unlawful *control* over another's property with intent to permanently deprive such person of that property. Defendant argues that the word "control" has a vague and ambiguous meaning. We disagree. The constitutionality of the theft statute has been upheld on two previous occasions by this court. *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972); *People v. Lewis,* 180 Colo. 424, 506 P.2d 125 (1973). The statute gives a fair description of the proscribed conduct, and persons of common intelligence can readily appreciate the statute's meaning and application. *White v. People,* 172 Colo. 271, 472 P.2d 674 (1970). Under this well-accepted test defendant's argument is without merit. *Self v. People,* 167 Colo. 292, 448 P.2d 619 (1968); *People v. Heckard,* 164 Colo. 19, 431 P.2d 1014 (1967); *Memorial Trusts v. Beery,* 144 Colo. 448, 356 P.2d 884 (1960). We recognize that close factual situations may arise under the statute which will require an adjudication of the constitutionality of the application of the statute. This possibility does not present itself here *(see Hucal v. People, supra),* and does not invalidate the statute on its face.

■ Defendant finally argues that 1967 Perm. Supp., C.R.S. 1963, 40-5-2(4), which indicates the clear intention of the General Assembly that the common law property crimes are to be subsumed under the new crime of theft, renders the statute unconstitutionally vague as the elements of the common law crimes are not set out. Subsection 4 indicates

that the General Assembly intended to create one crime of theft. The elements of that crime are defined in 1967 Perm. Supp., C.R.S. 1963, 40-5-2(1)(b), (c). Thus, a listing of the elements of the common law crimes is unnecessary. The vagueness argument has been answered above.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES do not participate.