No. 48,627

CITY OF ALTAMONT, KANSAS, *Appellee,* v. KENNETH L. FINKLE,
*Appellant.*

(579 P.2d 712)

 Opinion filed June
10, 1978. 

*Charles F. Forsyth,* of Erie, argued the cause and was on the brief for appellant.

*John F. Amos,* of Oswego, was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by defendant-appellant, Kenneth L. Finkle, from a conviction by the court of a violation of Section 37 of Ordinance No. 248, of the City of Altamont. Ordinance No. 248 is the Standard Traffic Ordinance for Kansas Cities prepared by The League of Kansas Municipalities.

Section 37 reads:

"Sec. 37. Racing on Highways; 'Drag Race' and 'Racing' Defined. (a) No person shall drive any vehicle in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or acceleration, or for the purpose of making a record, and no person shall in any manner participate in any such race, competition, contest, test or exhibition.

"(b) For the purpose of this section, the term drag race means the operation of two (2) or more vehicles from a point side by side at accelerating speeds in a competitive attempt to out-distance each other, or the operation of one (1) or more vehicles over a common selected course from the same point to the same point, for the purpose of comparing the relative speeds or power of acceleration of such vehicle or vehicles within a certain distance or time limit.

"(c) For the purpose of this section, the term racing means the use of one (1) or more vehicles in an attempt to outgain, out-distance or prevent another vehicle

from passing, to arrive at a given destination ahead of another vehicle or vehicles, or to test the physical stamina or endurance of drivers over long distance driving routes."

This section of the ordinance is similar to K.S.A. 8-1565(*a*), (*b*) and (*c*).

Defendant was charged, by citation, on a Uniform Traffic Ticket and Complaint with driving his automobile in an unlawful "exhibition of speed." Defendant, at all stages of the proceedings in both the Municipal Court and District Court, contended the citation failed to charge a crime under the ordinance. While defendant does not question the constitutionality of the ordinance itself, he does contend that an allegation of "exhibition of speed" fails to state a crime and is so vague and indefinite that a person charged in such terms could not be expected to understand the nature and elements of the alleged violation.

We agree.

In the instant case there was no evidence of racing or drag racing as defined in the statute. There was no evidence of any race, competition, contest or test. The only evidence was the testimony of a city police officer. The officer testified that while off-duty he observed the defendant drive his automobile from a parked position at the curb, spin his tires, throw some gravel and turn the corner at a speed of 10 to 15 miles per hour. The officer described this activity as a "jackrabbit start." During cross-examination the officer answered questions as follows:

"Q. All right. Now, do you of your own knowledge know what comprises exhibition of speed? What does that mean?

"A. Squealing your tires, fishtailing the rear end of your car, jackrabbit starts.

"Q. Is there some provision in the City of Altamont against that?

"A. Well, under the Ordinance 248 which the City adopted of the State Statute.

"Q. That ordinance defines drag racing; is that correct?

"A. Defines drag racing, racing, racing on highways; drag racing, racing defined. But it also covers exhibition of speed or acceleration.

"Q. Does that involve two cars?

"A. No, sir.

"Q. Or long distance endurance driving?

"A. It don't state this—not in here.

"Q. That's in your opinion?

"A. In my opinion, yes.

"Q. So in your opinion, if someone squeals his tires, he can be charged with exhibition of acceleration?

"A. Yes, sir. I would think it would be highly possible to take off from a corner, curb or from a stop sign without having to spin your tires."

The question of the sufficiency of the allegations of a complaint or information has been before this court numerous times in a variety of situations.

In *State v. Williams,* 196 Kan. 274, 411 P.2d 591 (1966), the court said:

"It is elementary that an information under which a defendant is charged with a criminal offense must be legally sufficient, in that it must charge an offense under the statute with enough clarity and detail to inform the defendant of the criminal act with which he is charged. . . ." (at page 285.)

The test to be applied to a criminal statute or ordinance when attacked as being vague and indefinite was recently repeated in *State v. Kirby,* 222 Kan. 1, 563 P.2d 408 (1977):

". . . The test to determine whether a criminal statute is unconstitutionally void by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. If a statute conveys this warning it is not void for vagueness. Conversely, a statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. . . ." (at page 4.)

See also *Kansas City Millwright Co., Inc. v. Kalb,* 221 Kan. 658, 562 P.2d 65 (1977); *State v. Gunzelman,* 210 Kan. 481, 502 P.2d 705 (1972); *State v. Hill,* 189 Kan. 403, 369 P.2d 365 (1962).

We have held that a complaint, even though phrased in the words of the statute and even though not attacked on a constitutional basis is still void if it does not advise the defendant of the nature of the accusation against him.

". . . The defendant argues a number of propositions but does not contest the validity of the provision of the statute under which he was prosecuted, although his motion to quash the complaint was sufficient to raise that question. The court is not disposed to hold that a complaint is good when drawn under a statute that is unconstitutional, although the validity of the statute is not specifically questioned. The statute prescribes punishment for anyone who carelessly or negligently handles or exposes nitroglycerin, but does not say what acts constitute carelessness or negligence, thus necessarily leaving the jury to determine what is carelessness or negligence in any particular case. The statute does not name the acts which are prohibited, and a complaint following the statute, containing nothing but statutory allegations—no other would be necessary if the statute were good—does not inform the defendant of the nature and cause of the accusation against him. . . ." *State v. Satterlee,* 110 Kan. 84, 85, 202 Pac. 636 (1921).

The ordinance when considered in its entirety appears to speak

primarily to racing, speed and acceleration tests, contests or competition. The mere charge of an "exhibition of speed" against a driver not engaged in any such test, contest or competition fails to charge any violation of the ordinance.

Nowhere in the ordinance is there any attempt to define the words "exhibition of speed or acceleration" or to delineate the proscribed conduct. Any interpretation of that portion of the ordinance, without additional allegations, is such that men of common intelligence must guess at its meaning and may differ as to its application and therefore the language standing alone does not meet the minimum standards required. Every attempt by a driver to proceed from a stopped position or to increase speed from a moving position could be considered by some persons as an "exhibition of speed or acceleration." How is the driver to know when he is committing an offense, and when he is not, where the question of an "exhibition of speed or acceleration" is a matter for subjective determination lacking any objective standards?

Although appellee has submitted no case authority supporting the validity of the charge in this case our research indicates that similar language has been considered sufficient in two states. See *People v. Grier,* 226 Cal. App. 2d 360, 38 Cal. Rptr. 11 (1964) and *People v. Heckard,* 164 Colo. 19, 431 P.2d 1014 (1967). We have carefully considered both cases and, in view of what we have said above, do not consider them persuasive.

The judgment of the district court is reversed with directions to discharge the defendant.

PRAGER, MILLER and McFARLAND, JJ., concur in result.