STATE OF HAWAII, Plaintiff-Appellee, *v.* ORLANDO KAIPO SPENCER, Defendant-Appellant

NO. 9050

(TRAFFIC CASE NO. 82-1181995MO)

MARCH 12, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for a violation of HRS § 291C-103. Appellant contends that the statute in question is unconstitutionally vague and that there was no evidence to support

the conviction. We reverse on the second ground without reaching the first.

Section 291C-103(a) provides:

(a) No person shall drive any vehicle in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or acceleration, or for the purpose of making a speed record, and no person shall in any manner participate in any such race, competition, contest, test, or exhibition.

Subsection (b) defines a drag race and subsection (c) defines racing. Subsection (d) states the penalty for violation of the section.

The evidence in this case was that the appellant stopped at a red traffic light in the left turn lane on Ala Moana Boulevard at the intersection of Hobron Lane. He then made a left turn into Hobron Lane and when he shifted from first gear into second, at 20 m.p.h., his tires screeched for a distance of 65-75 feet through his turn. There was no contention that the appellant was engaged in any race, speed competition or contest, drag race or acceleration contest or test of physical endurance. The only contention is that he was engaged in an exhibition of speed or acceleration.

We think it clear that the mere fact that there was screeching of tires as appellant accelerated during a turn does not establish an exhibition as the term is used in the statute. Appellee has cited *People v. Heckard*, 164 Colo. 19, 431 P.2d 1014 (1967), on the constitutionality issue. In that case, the statute involved contained the same phrase "exhibition of speed or acceleration." The Colorado court, construing that language, stated:

[I]t is apparent that paragraph (1) forbids intentional participation in operating motor vehicles competitively to test the swiftness of the vehicles involved. Further, it prohibits an individual's deliberate drawing of public attention to the vehicle's quality for swiftness. . . .

*Id.* at 24, 431 P.2d at 1016. There simply is no evidence that appellant was deliberately drawing public attention to the vehicle's quality for swiftness in the events testified to in this case.

*Gregory K. Tanaka*, Deputy Public Defender, on the brief for appellant.

*Emlyn H. Higa*, Deputy Prosecuting Attorney, on the brief for appellee.