38 P.3d 1213

**STATE of Arizona, Appellee,**

v.

**Timothy N. McMAHON, Appellant.**

**No. 1 CA–CR 01–0333.**

Court of Appeals of Arizona,
Division 1, Department A.

Jan. 22, 2002.

Thomas J. Parascandola, Carefree Town Prosecutor, Carefree, Attorney for Appellee.

Deanie Reh, Cave Creek, Attorney for Appellant.

## OPINION

PATTERSON, Judge.

■ ¶ 1 The sole issue raised in this appeal is whether the portion of Arizona Revised Statutes ("A.R.S.") section 28–708(A) (2000) prohibiting an "exhibition of speed or acceleration" on a public street or highway is unconstitutionally vague. We conclude that it is not and affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Timothy N. McMahon ("defendant") was cited for "exhibition of speed" in violation of A.R.S. § 28–708(A) after Maricopa County Sheriff's deputies observed a vehicle driven by defendant squeal its tires and fishtail into the median lane as it turned right from a stop sign. At trial in the Carefree Municipal Court, defendant was found guilty and fined $200 plus applicable surcharges. Defendant appealed to the superior court arguing that there was insufficient evidence to support the trial court's finding of guilt and that A.R.S. § 28–708(A) was unconstitutionally vague. The superior court rejected defendant's claims and affirmed the guilty verdict. Defendant thereafter filed a timely appeal to this court.

## DISCUSSION

■ ¶ 3 Our jurisdiction is limited to a review of the facial validity of the statute at issue pursuant to Superior Court Rule of Appellate Procedure 13(b)—Criminal, and A.R.S. § 22–375 (2000) because this matter originated in a municipal court. *State v. Martin,* 174 Ariz. 118, 120–21, 847 P.2d 619, 621–22 (App.1992). Thus, "[o]ur jurisdiction does not extend to examining the application of the statute to an individual defendant." *Id.* "If the statute is constitutional, our inquiry is at an end." *State v. Singer,* 190 Ariz. 48, 50, 945 P.2d 359, 361 (App.1997).

¶ 4 Defendant contends that the portion of A.R.S. § 28–708(A) that prohibits a person from engaging in an "exhibition of speed or acceleration" is unconstitutionally vague. Section 28–708(A) states: "A person shall not drive a vehicle or participate in any manner in a race, speed competition or contest, drag race or acceleration contest, test of physical endurance or exhibition of speed or acceleration or for the purpose of making a speed record on a street or highway."

■ ¶ 5 The constitutionality of a statute is a matter of law that we review *de novo. State v. Bomar,* 199 Ariz. 472, 475, ¶ 5, 19 P.3d 613, 616 (App.2001). In reviewing a challenge to a statute, we presume that the statute is constitutional and must construe it, if possible, to give it a constitutional meaning. *State v. Bonnewell,* 196 Ariz. 592, 594, ¶ 5, 2 P.3d 682, 684 (App.1999). The party challenging the validity of a statute has the heavy burden of overcoming that presumption. *Martin v. Reinstein,* 195 Ariz. 293, 302, ¶ 16, 987 P.2d 779, 788 (App.1999).

■ ¶ 6 As a preliminary matter, the state asserts that defendant lacks standing to raise a vagueness claim to A.R.S. § 28–708(A) because his conduct is clearly proscribed by the essential core of the statute. Ordinarily, a defendant may not challenge a statute as being impermissibly vague or overbroad where the statute has given him fair notice of the criminality of his own conduct, even though the statute may be unconstitutional when applied to someone else. *State v. McLamb,* 188 Ariz. 1, 6, 932 P.2d 266, 272 (App.1997); *State v. Tocco,* 156 Ariz. 110, 112, 750 P.2d 868, 870 (App.1988), *aff'd,* 156 Ariz. 116, 750 P.2d 874 (1988). In this case, as discussed above, defendant's appeal is necessarily limited to the facial validity of the statute and consists of the argument that the statute is incapable of any valid application because the essential element of the offense is so ill-defined as to provide no notice of the conduct that is proscribed. Hence, we reject the state's suggestion that this appeal be resolved on the basis of lack of standing. *Tocco,* 156 Ariz. at 112, 750 P.2d at 870.

■ ¶ 7 Turning to defendant's claim, vague statutes offend the Due Process Clause of the Fourteenth Amendment of the

United States Constitution. *State v. Western*, 168 Ariz. 169, 171, 812 P.2d 987, 989 (1991). A statute is unconstitutionally vague if it does not give persons of ordinary intelligence a reasonable opportunity to learn what it prohibits and does not provide explicit instructions for those who will apply it. *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *McLamb*, 188 Ariz. at 5, 932 P.2d at 270; *State v. Takacs*, 169 Ariz. 392, 394, 819 P.2d 978, 980 (App.1991). "The requirement of establishing explicit standards is especially important in the context of criminal law because '[w]here the legislature fails to provide such minimal guidelines, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections." ' " *Takacs*, 169 Ariz. at 394, 819 P.2d at 980 (quoting *Kolender v. Lawson*, 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)).

¶ 8 Due process does not require, however, that a statute be drafted with absolute precision. *Fuenning v. Superior Court*, 139 Ariz. 590, 598, 680 P.2d 121, 129 (1983). "It requires only that the language of a statute convey a definite warning of the proscribed conduct." *Id.*

¶ 9 The main thrust of defendant's attack on the portion of A.R.S. § 28–708(A) prohibiting an "exhibition of speed or acceleration" is that it fails to provide any clarification as to whether it encompasses both intentional and unintentional conduct. In upholding a similar statute from a challenge based on vagueness, the Colorado Supreme Court offered the following analysis:

[W]e find that paragraph (1) defines two primary offenses, viz., the "speed or acceleration contest," and the "exhibition of speed or acceleration." "Speed" and "acceleration" are related terms. The former refers to the act or state of moving swiftly, while "acceleration" means the act of increasing the speed. Webster's Third New International Dictionary (1961). This statute, however, does not proscribe such conduct without further qualification for it next provides that the speed or acceleration must occur under circumstances of a "contest" or "exhibition" on a highway. A

"contest" ordinarily implies a plurality of participants in a deliberate, competitive act (here of speed or acceleration), while an "exhibition" implies a person's display, for the purpose of attracting public attention, of the same acts. In our view, the terms employed in the instant statute give a clear and meaningful definition by virtue of their relation to each other. Besides, "speed" and "acceleration" are commonly used and understood words which are not necessary to reduce to more precise meanings than as used in this act.

When [the statute] is construed as above detailed, it is apparent that paragraph (1) forbids intentional participation in operating motor vehicles competitively to test the swiftness of the vehicles involved. Further, it prohibits an individual's deliberate drawing of public attention to the vehicle's quality for swiftness.... For these reasons we consider the provisions of [the statute], as herein construed, to be sufficiently definite to meet the constitutional requirements of due process of law.

*People v. Heckard*, 164 Colo. 19, 431 P.2d 1014, 1016 (Colo.1967); *see also People v. Grier*, 226 Cal.App.2d 360, 38 Cal.Rptr. 11 (App.1964) (excessive acceleration of automobile on highway in such a manner as to cause tires to lose traction and squeal loudly constitutes "exhibition of speed").

¶ 10 This same analysis is equally applicable to A.R.S. § 28–708(A). It fully addresses defendant's claim that the statute is too indefinite with respect to the nature of the offense of "exhibition of speed" and the nature of the proof required to establish a violation. We hold that the specific intent required by the offense of "exhibition of speed" can be shown through direct or circumstantial evidence. In doing so, we adopt the analysis set forth above in *Heckard*.

¶ 11 The offense of "exhibition of speed" goes beyond the mere speed that a person is traveling. It also prohibits the quick acceleration of a vehicle for the purpose of drawing public attention to the swiftness of one's vehicle.

¶ 12 We also reject defendant's claim that the portion of this statute prohibiting a driv-

er from engaging in an "exhibition of speed or acceleration" is unconstitutionally vague. The two primary decisions cited by defendant in support of his vagueness claim do not compel a different result. In *State v. Spencer*, 67 Haw. 95, 678 P.2d 1081, 1081–82 (1984), the court expressly declined to reach the issue of the constitutionality of the statute and held merely that there was insufficient evidence to support the defendant's conviction. In *City of Altamont v. Finkle*, 224 Kan. 221, 579 P.2d 712, 713 (1978), the court likewise did not address the constitutionality of the statute, but rather limited its analysis to whether the mere allegation of "exhibition of speed" was sufficient to state an offense. To the extent that *Finkle* can be construed as holding that a statute prohibiting the offense of "exhibition of speed or acceleration" is unconstitutionally vague, we disagree with its conclusion and decline to follow it.

¶ 13 Defendant further seeks to compare his case to other decisions in which courts have concluded that the evidence was insufficient to constitute an "exhibition of speed." As discussed above, however, our jurisdiction is limited to reviewing the facial validity of the statute in question. Thus, we may not review either the sufficiency of the evidence or the manner in which the trial court may have applied the statute in this particular case.

## CONCLUSION

¶ 14 We hold that there is no constitutional infirmity with respect to the portion of A.R.S. § 28–708(A) criminalizing an "exhibition of speed or acceleration" on a street or highway. Accordingly, defendant's conviction and sentence are affirmed.

CONCURRING: SHELDON H. WEISBERG, Judge.

SULT, Judge, concurring in part and dissenting in part.

¶ 15 As I understand the majority's holding, A.R.S. § 28–708(A) is a specific intent crime. The conduct proscribed is "speed or acceleration" and the intent that must accompany the conduct is either "intentional participation in operating motor vehicles competi-

tively" or the "deliberate drawing of public attention to the vehicle's quality for swiftness." Majority Opinion, ¶ 9 (quoting *People v. Heckard*, 164 Colo. 19, 431 P.2d 1014, 1016 (1967)). I agree with this construction of the statute and also agree that this construction rescues the statute from the defect of vagueness. Where I disagree with the majority is in its disposition of the case. In my opinion, the only proper disposition is to remand the matter to the superior court, whose appellate review power in this context is unrestricted, with directions to examine the validity of defendant's conviction in light of our construction of § 28–708(A).

¶ 16 The majority correctly notes that our review in this matter is limited to considering the facial validity of the statute, citing A.R.S. § 22–375. Majority Opinion, ¶ 3. The majority says this means our jurisdiction does not extend to examining the application of the statute to the individual defendant. *Id.* While I agree that we are not to conduct a review of the municipal or justice court's application of the statute, this does not mean that no one should. It is my position that where, as here, a state statute applicable in municipal and justice courts is construed for the first time by an Arizona appellate court, the matter must be remanded to the superior court so that there can be a determination in light of the clarifying construction whether the trial court properly convicted the defendant.

¶ 17 When the majority affirms defendant's conviction here, it in effect declares that the trial court anticipated our construction of § 28–708(A) and correctly applied it by finding that defendant had the specific intent necessary to support a conviction. Not only is this attribution of prescience unwarranted, indications are that the contrary is true. Defendant tells us in his reply brief that at trial the prosecution argued that § 28–708(A) was a strict liability crime. Defendant responded that it was a specific intent crime. According to defendant, the court rejected his argument.

¶ 18 I do not suggest that defendant's assertions regarding what actually happened at the trial court are binding on us and require that we vacate his conviction. Rather, I use

these assertions to illustrate the risk involved in assuming that anyone, including the trial court, could have known what § 28–708(A) required before the issuance of an opinion of this court saying so. While I agree that § 22–375 precludes this court from inquiring further as to how the trial court actually applied the statute, in no way does that statute preclude us from remanding the matter to the court that has the power to make that inquiry. This is the disposition that we should make.