IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2009-0252 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| ROGER PUTZI, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20090819-001

Honorable Clark W. Munger, Judge

AFFIRMED

Michael G. Rankin, Tucson City Attorney
  By William F. Mills and Laura Brynwood                                    Tucson
                                                          Attorneys for Appellee

Risner & Graham
  By Kenneth K. Graham                                                     Tucson
                                                          Attorneys for Appellant

E S P I N O S A, Presiding Judge.

**¶1**        Roger Putzi appeals from a Pima County superior court order affirming his

conviction and placement on twelve months' probation after a bench trial in Tucson City

Court for urinating in public, in violation of Tucson City Code § 11-54.[1]  Putzi contends

the ordinance is unconstitutionally vague.  We conclude the ordinance is constitutional

and affirm Putzi's conviction.

**Factual and Procedural History**

¶2          One evening in July 2008, a Tucson police officer observed Putzi urinating

in an alleyway behind a store and issued him a citation for violating City Ordinance

§ 11-54.  Putzi maintained both in city court and again on appeal to the superior court that

§ 11-54 is unconstitutional, both on its face and as applied to him.  After oral argument,

the superior court found the ordinance constitutional and affirmed Putzi's conviction.

Putzi appealed to this court.  Pursuant to A.R.S. § 22-375(A), our jurisdiction extends

only to a review of the ordinance's facial validity.  *See State v. McMahon*, 201 Ariz. 548,

¶ 3, 38 P.3d 1213, 1215 (App. 2002).  Accordingly, we do not examine the public

urination ordinance as applied to Putzi individually.  *See id.*

**Discussion**

¶3          Section 11-54 provides as follows: "It is unlawful for any person to urinate

or defecate in a public place, or in any place exposed to public view, except an

established lavatory or toilet."  Putzi contends that the ordinance is unconstitutionally

vague because the Tucson City Code does not define the terms "public place" and

"exposed to public view."  Relying generally on *Golob v. Arizona Medical Board*, 217

---

[1]Putzi was also convicted of criminal trespass in the third degree, in violation of A.R.S. § 13-1502.

Ariz. 505, 176 P.3d 703 (App. 2008), and quoting *McMahon*, he maintains that this ordinance is not sufficiently specific to provide a "'person[] of ordinary intelligence a reasonable opportunity to learn what it prohibits'" and to prevent arbitrary enforcement. *McMahon*, 201 Ariz. 548, ¶ 7, 38 P.3d at 1216.

¶4        We review de novo the constitutionality of the ordinance. *See State v. Poshka*, 210 Ariz. 218, ¶ 3, 109 P.3d 113, 114 (App. 2005). As the superior court pointed out in its detailed ruling, a party challenging a law's validity has "the burden of overcoming a strong presumption of constitutionality." *State v. Zinsmeyer*, 222 Ariz. 612, ¶ 35, 218 P.3d 1069, 1082 (App. 2009). And due process does not require us to strike down an ordinance that was not "'drafted with absolute precision'" or one that omits an "explicit definition" or is "susceptible to different interpretations." *Id.*, *quoting State v. Takacs*, 169 Ariz. 392, 395, 819 P.2d 978, 981 (App. 1991); *see also State v. Starsky*, 106 Ariz. 329, 332, 475 P.2d 943, 946 (1970) (due process does not require "specific definitions of each term which would no doubt necessitate further definitions of the definitions, ad infinitum—so that each section of the criminal code would be a thesaurus of definitions, synonyms, and examples"). So long as a law provides a person "'of ordinary intelligence a reasonable opportunity to know what is prohibited'" and "contain[s] explicit standards of application to prevent arbitrary and discriminatory enforcement," it is constitutional. *Poshka*, 210 Ariz. 218, ¶ 5, 109 P.3d at 115, *quoting Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

**¶5** To the extent Putzi challenges the facial validity of the ordinance,[2] he argues the city council "clearly meant to provide a limitation on when urinating outside would be criminal," but did so vaguely, thereby inviting "arbitrary and discriminatory enforcement" because different officers might interpret the word "public" differently. We disagree, however, that the city council's failure to define this word would result in discriminatory and arbitrary enforcement. When the language is clear, an ordinance "is not rendered unconstitutionally vague because there is a theoretical potential for arbitrary enforcement" and "some assessment by a law enforcement officer" may be required. *State v. McLamb*, 188 Ariz. 1, 6, 932 P.2d 266, 271 (App. 1996). Indeed, police officers are capable of properly assessing the difference between "private" and "public." *See City of Baton Rouge v. Ross*, 654 So. 2d 1311, 1339 (La. 1995) (Calogero, C.J., concurring) ("[P]olice officers in particular have an understanding of the distinction between 'public' and 'private' places since the constitutional propriety of much of their conduct depends upon this distinction."); *see also Twilight Jones Lounge v. Showers*, 732 P.2d 1230, 1231-32 (Colo. App. 1986) (when "public view" not defined in workers' compensation statute, reliance on "familiar and generally accepted meaning" sufficient to interpret statute);

---

[2]Although ostensibly a vagueness challenge, much of Putzi's argument in his opening brief appears to be that the city court and superior court misapplied § 11-54 as to him by wrongly construing his conduct as having occurred in a public place or within public view. As already noted, we lack jurisdiction to examine the constitutionality of this ordinance as applied to an individual. *See McMahon*, 201 Ariz. 548, ¶ 3, 38 P.3d at 1215. And we previously declined jurisdiction of Putzi's special action petition, in which he challenged the validity of the ordinance as applied to him. *Putzi v. Munger*, No. 2 CA-SA 2009-0083 (order filed Dec. 23, 2009).

*Wisneski v. State*, 905 A.2d 385, 391-93, 398-99 (Md. Ct. Spec. App. 2006) (although "public place" not defined by statute, common usage and dictionary definition may inform determination whether act public or private), *aff'd*, 921 A.2d 273 (Md. 2007).

**Conclusion**

**¶6**      Because § 11-54 conveys in sufficiently clear terms the prohibited conduct and standard for its enforcement, we conclude Putzi has failed to sustain his burden of establishing beyond a reasonable doubt that the ordinance is unconstitutionally vague. *See State v. Brown*, 207 Ariz. 231, ¶ 15, 85 P.3d 109, 114 (App. 2004). Accordingly, Putzi's facial challenge of the ordinance fails and his conviction is affirmed.

/s/ *Philip G. Espinosa*

PHILIP G. ESPINOSA, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*

JOSEPH W. HOWARD, Chief Judge

/s/ *Virginia C. Kelly*

VIRGINIA C. KELLY, Judge

5