NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ED EAGLEMAN, *Appellant.*

No. 1 CA-CR 15-0804
FILED 1-31-2017

Appeal from the Superior Court in Maricopa County
No.  CR2013-461674-001
The Honorable Annielaurie Van Wie, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Andrew C. Marcy
*Counsel for Appellant*

Ed Eagleman
*Appellant Pro Per*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jon W. Thompson joined.

**M c M U R D I E**, Judge:

¶1        Ed Eagleman appeals his convictions of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs while his driver's license was suspended, and aggravated driving or actual physical control with an alcohol concentration greater than 0.08 while his driver's license was suspended, both class four felonies, and the resulting sentences. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Defendant was given the opportunity to file a supplemental brief, and raised the following issues: (1) whether probable cause existed at the time of his blood draw; (2) whether the blood draw, and the admission of the blood test results, violated his physician-patient privilege; (3) whether the state violated his confrontation clause rights during the grand jury proceedings by not allowing him to cross-examine witnesses; (4) whether Arizona Revised Statutes ("A.R.S.") section 28-1388(E) is unconstitutionally vague; and (5) whether he was properly charged and convicted, including whether the trial court erred in denying his motion for directed verdict at the close of trial.[1]  Counsel asks this court to search the record for reversible error.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  After reviewing the record, we affirm Defendant's convictions and sentences.

---

[1]        Defendant also raised several other issues which he did not support with facts or argument in his brief, including: whether the use of his twin's brother's name at a preliminary hearing prejudiced him, whether a magistrate's "habitual procedure" was used as a "rubber stamp," whether "the actual arrest [was] conceded," whether the officers involved committed perjury in submitting his implied consent form, and whether his statements made to the grand jury were voluntary. We decline to consider these issues due to the lack of supporting facts or argument. *See* ARCAP Rule 13(a)(7); *Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 503 (App. 1992).

**FACTS AND PROCEDURAL BACKGROUND**

¶2  On August 5, 2013, Officer Kaufman of the Phoenix Police Department responded to a call in Phoenix about individuals in a white Chevrolet truck throwing beer cans and bottles. When he arrived at the scene, Officer Kaufman located the white Chevrolet truck and approached it at an angle from the rear. When the officer was within a few feet of the truck, it accelerated away from him. Before the truck fled, Officer Kaufman noticed the driver had dark hair and was wearing a blue bandana.

¶3  Officer Kaufman returned to his vehicle and followed the white truck. He saw the truck make a right turn, and then briefly lost sight of the truck when it made a left turn shortly thereafter. When Officer Kaufman caught up to the truck it had crashed into a tree after making the left turn. Officer Kaufman found the man with dark hair wearing a blue bandana, later identified as Ed Eagleman, in the driver's seat with the door open. A witness who arrived at the scene after the crash also identified the driver of the truck as wearing a blue bandana and having long dark hair.

¶4  When Officer Kaufman made contact with Defendant, he noticed Defendant's eyes were bloodshot and watery, he had trouble maintaining his balance, and had a strong odor of alcohol. There were also several empty beer cans plainly visible inside the truck. Defendant required medical attention because of the accident, and the fire department immediately took him to the hospital.

¶5  At the hospital, a phlebotomist performed a blood draw on Defendant for medical reasons in the presence of Officer Barlow. The phlebotomist handed Officer Barlow a sample from the blood draw, Officer Barlow sealed the blood sample as evidence, and it was later tested by a forensic scientist. A test of the sample revealed Defendant's blood-alcohol content to be .299.

¶6  At the time of the accident, Defendant's license was revoked. A witness from the Motor Vehicle Division testified at trial that Defendant's license had been revoked in 1999, and notification letters had been sent to Defendant's listed address on four different occasions.

¶7  Defendant was indicted on one count of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs while his driver's license was suspended, and one count of aggravated driving or actual physical control with an alcohol concentration greater than 0.08 while his driver's license was suspended, both class four

felonies. A jury trial was held and Defendant was found guilty of both counts. Defendant stipulated to having three prior felony convictions and was sentenced to the presumptive term of 10 years on both counts, to be served concurrently, with a presentence incarceration credit of 212 days. Defendant timely appealed.

## DISCUSSION

¶8        We have read and considered counsel's brief, as well as Defendant's supplemental brief, and have reviewed the record for reversible error.  *See Leon*, 104 Ariz. at 300. We find none.

¶9        Defendant first argues there was no probable cause at the time of his blood draw. As long as an officer has probable cause to suspect a driver is under the influence of alcohol, and the suspect is receiving medical treatment, police are entitled to receive a sample of any blood drawn. *See* A.R.S. § 28-1388(E); *State v. Estrada*, 209 Ariz. 287, 290, ¶ 13 (App. 2004). Defendant was found behind the wheel of a truck that was driven into a tree and the truck was full of empty beer cans. Officer Kaufman noticed a strong odor of alcohol on Defendant. Defendant had difficulty maintaining balance and his eyes were bloodshot and watery. This evidence was sufficient to provide probable cause for the blood samples taken at the hospital.

¶10        Defendant next contends the blood sample draw and test results admitted into evidence violated his physician-patient privilege. However, this privilege does not extend to medical technicians like the one who drew his blood. *See Benton v. Superior Court in & for Cty. of Navajo*, 182 Ariz. 466, 469 (App. 1994). In addition, Defendant's blood was tested in a crime lab and not at a hospital. Accordingly, Defendant cannot claim this privilege.

¶11        Defendant also claims his rights under the confrontation clause of the Sixth Amendment to the United States Constitution were violated because he was not allowed to cross-examine witnesses during grand jury proceedings. Witnesses are not cross-examined during grand jury proceedings and therefore this right does not apply. *See State v. McGill*, 213 Ariz. 147, 159, ¶ 50 (2006) (the confrontation clause only applies to trials).

¶12        Defendant next argues that A.R.S. § 28-1388(E) is unconstitutionally vague. "A statute is unconstitutionally vague if it . . . does not provide explicit instructions for those who will apply it." *State v.*

*McMahon*, 201 Ariz. 548, 551, ¶ 7 (App. 2002). Section 28-1388(E) provides clear and definite language allowing law enforcement, with probable cause, to obtain a sample of a suspect's bodily fluids, if taken for any reason. Therefore, we find that the statute is not unconstitutionally vague. Defendant maintains the language in the statute stating law enforcement is provided a sample "if requested" is vague, because in this case Officer Barlow was merely present in the trauma room and did not actually request a sample. However, Officer Barlow provided the vials for the phlebotomist to fill with blood, therefore the officer was clearly requesting a sample.[2]

¶13         Defendant argues the trial court erred by denying his motion for a directed verdict because there was no evidence showing him as the driver or "any identifying physical characteristics." Officer Kaufman and a nearby witness both testified they saw Defendant in the driver seat shortly after the accident. Both also testified as to Defendant's long dark hair and blue bandana as identifying characteristics, and Officer Kaufman identified him in the courtroom. Therefore, the trial court did not err by denying the motion.

¶14         Finally, Defendant contends he was not properly charged and convicted. Defendant was indicted by a grand jury on June 8, 2015. Defendant was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Defendant all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Defendant's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶15         Defendant's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Defendant's representation in this appeal will end after informing Defendant of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona

---

[2]         Defendant also argues that a blood draw sample provided under A.R.S. § 28-1388(E) must be taken or stored in a "hospital trauma pack," instead of a police blood kit, because it is being drawn for medical reasons. There is no such requirement in the statute and Defendant cites to no supporting authority.

Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On the court's own motion, Defendant has 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA