NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BERIZA C. PADILLA, *Appellant.*

No. 1 CA-CR 22-0069
FILED 9-27-2022

Appeal from the Superior Court in Yuma County
No. S1400CR202000812
The Honorable Roger A. Nelson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Robert J. Trebilcock
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

---

**P E R K I N S**, Judge:

**¶1** Beriza C. Padilla appeals her convictions and sentences for possession of a dangerous drug for sale, possession of a narcotic drug for sale, possession of drug paraphernalia involving methamphetamine, and misconduct involving weapons. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2** We view the facts in the light most favorable to sustaining the verdicts. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013). At approximately 12:30 a.m., police officers responded to an emergency call regarding a possible sexual assault near a black vehicle at a motel. Officer Carey arrived at the scene and found a man and woman standing near the open passenger door of a dark-colored BMW. When the subjects saw Carey approaching them on foot, one of them closed the BMW's door, and they began walking toward the motel. Recognizing the male subject as a known convicted felon, Carey told the couple to "hold up." The male stopped, but the female — later identified as Padilla — "picked up her speed" and continued to the motel. Meanwhile, Officer Robinson peered into the BMW and noticed a handgun on the rear passenger side floor.

**¶3** Officers then spoke with Padilla, and she denied any knowledge of a possible sexual assault. Padilla explained that she was unemployed and bought the BMW a few days before. Padilla also told the officers that she and the male used the vehicle to go from "hotel to hotel" where they lived, and he was the primary driver. Indeed, Padilla explained that "she was the passenger when they arrived that evening[.]"

**¶4** Apparently based on the gun observed in the BMW and the male's status as a prohibited possessor, police officers obtained a warrant, and searched the BMW. *See* A.R.S. §§ 13-3101(A)(7)(b), -3102(A)(4). In addition to the loaded handgun, they found a covered plastic cup in the front center console containing 426 fentanyl pills. Next to the cup, officers found two bullets in a small bag. Under the front passenger seat, officers

located over 7.5 grams of methamphetamine in a tissue box. A small digital scale and several small plastic baggies "consistent with the sale of drugs" were also found in the vehicle. Police did not find any items commonly associated with drug use.

¶5        Alleging both direct and accomplice liability, the State charged Padilla with possession of a dangerous drug for sale (methamphetamine), a class two felony; possession of a narcotic drug for sale (fentanyl), a class two felony; possession of drug paraphernalia involving methamphetamine, a class six felony; and two counts of misconduct involving weapons (MIW), class four felonies. One of the MIW counts referred to the handgun found in the BMW and alleged Padilla used or possessed it "during the commission of any felony [drug] offense[.]" The other MIW count charged Padilla as a prohibited possessor, and was ultimately dismissed after being severed from the remaining charges before trial. Regarding the narcotic drug charge, the State alleged Padilla possessed $1,000 or more of fentanyl. *See* A.R.S. § 13-3401(36)(j).

¶6        After a two-day trial, the jury rejected Padilla's mere presence defense and found her guilty of the four offenses. The trial court imposed concurrent prison sentences, the longest being seven years for possession of a dangerous drug for sale. Padilla timely appealed, and we have jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 13-4031, -4033(A)(1).

## DISCUSSION

### I.        Sufficiency of Evidence

¶7        Padilla challenges the sufficiency of evidence supporting her convictions, arguing the State failed to prove she possessed the drugs, paraphernalia, and handgun located in the BMW. Specifically, Padilla asserts the State presented no direct evidence showing she exercised dominion or control over the contraband or that she had exclusive ownership of the BMW. Padilla claims instead that the evidence only shows she was near the vehicle, and her mere presence was insufficient to establish her guilt.

¶8        We review claims of insufficient evidence *de novo*, *State v. Bible*, 175 Ariz. 549, 595 (1993), and our review is limited to determining whether substantial evidence exists to support the verdict. *State v. Scott*, 177 Ariz. 131, 138 (1993); *see* Ariz. R. Crim. P. 20(a) (directing courts to enter judgment of acquittal "if there is no substantial evidence to warrant a conviction"). Substantial evidence is such proof that "reasonable persons could accept as adequate and sufficient to support a conclusion of

defendant's guilt beyond a reasonable doubt." *State v. Mathers*, 165 Ariz. 64, 67 (1990) (quoting *State v. Jones*, 125 Ariz. 417, 419 (1980)). In evaluating the sufficiency of the evidence, we test the evidence "against the statutorily required elements of the offense," *State v. Pena*, 209 Ariz. 503, 505, ¶ 8 (App. 2005), and "do not reweigh the evidence to decide if we would reach the same conclusions as the trier of fact." *State v. Borquez*, 232 Ariz. 484, 487, ¶ 9 (App. 2013) (internal quotation marks and citation omitted).

**¶9**　　　　To convict, the State had to prove beyond a reasonable doubt that Padilla possessed the drugs, handgun, and paraphernalia (scale and baggies) that police officers seized from the BMW. *See* A.R.S. §§ 13-3102(A)(8); 3407(A)(2); -3408(A)(2); -3415(A). "Possession may be actual or constructive." *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013). "Constructive possession" is the exercise of dominion or control over an object in the absence of actual physical possession. *State v. Cox*, 214 Ariz. 518, 520, ¶ 10 (App. 2007). Constructive possession exists when the object "is found in a place under [the defendant's] dominion [or] control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the [property]." *Id.* (quoting *State v. Villavicencio*, 108 Ariz. 518, 520 (1972)). Circumstantial evidence alone may establish constructive possession. *State v. Teagle*, 217 Ariz. 17, 27, ¶ 40 (App. 2007); *Cox*, 214 Ariz. at 520, ¶ 10. And "it is not necessary to show that a defendant exercised exclusive possession or control over the substance itself or the place in which the illegal substance was found; control or right to control is sufficient." *State v. Curtis*, 114 Ariz. 527, 528 (App. 1977).

**¶10**　　　　Here, the jury could reasonably conclude from the circumstantial evidence that Padilla knowingly possessed the drugs, handgun, and paraphernalia found in the BMW. As the vehicle's owner, Padilla generally had dominion and control over the BMW and its contents. *See State v. Murphy*, 117 Ariz. 57, 61 (1977) ("[I]f contraband is found in an arrestee's home in an unsecluded or obvious place it is sufficient to sustain a verdict for possession."). She was a passenger in the BMW on the way to the motel, and she was standing next to the BMW's open passenger door when officers arrived. The fentanyl was in the center console, an area commonly used by a front-seat passenger, and the methamphetamine and handgun were under and directly behind the passenger seat. *See State v. Petrak*, 198 Ariz. 260, 266, ¶ 19 (App. 2000) (requiring the state to establish the defendant "could have used the weapon to further the felony drug offense" such as by "the spatial proximity and accessibility of the weapon to the defendant and to the site of the drug offense.").

¶11        The evidence showed that Padilla continued walking away from Officer Carey after he commanded her to "hold up." The jury therefore could reasonably infer Padilla's consciousness of guilt. *See State v. Cota*, 229 Ariz. 136, 142, ¶ 11 (2012) ("Evidence of flight is admissible to show consciousness of guilt when the defendant flees in a manner which obviously invites suspicion or announces guilt.") (citation omitted).

¶12        Because officers did not find evidence consistent with drug use in the BMW, the jury could reasonably infer that the fentanyl and methamphetamine were not for personal use. The jury was entitled to infer from these circumstances, including Padilla's unemployment, that the couple sold the drugs to support themselves. Based on the foregoing, the jury could reasonably surmise that Padilla knew the drugs, paraphernalia, and gun were in the BMW. Substantial evidence therefore supported Padilla's convictions under either theory of direct or accomplice liability.

¶13        Padilla also argues that a notebook found in the BMW alone was insufficient to establish her possession of the drugs. But we need not evaluate the evidentiary value of the notebook because, as explained, evidence other than the notebook established Padilla's unlawful possession. Because substantial evidence supported Padilla's convictions, we need not separately address her argument that the trial court erred by denying her motion for a judgment of acquittal under Arizona Rule of Criminal Procedure 20. *See* Ariz. R. Crim. P. 20(a)(1) (providing that a judgment of acquittal is only appropriate if there is "no substantial evidence to support a conviction").

## II.        Misconduct Involving Weapons

¶14        Padilla asserts that the statute prohibiting the use of a deadly weapon while committing a felony drug offense is unconstitutionally vague. *See State v. Western*, 168 Ariz. 169, 171 (1991) ("The due process clause of the fourteenth amendment does not permit the state to deprive a person of liberty for violating a statute whose terms are so vague, indefinite and uncertain that their meaning cannot be reasonably ascertained.") (citation omitted).

¶15        We review *de novo* whether a statute passes constitutional muster. *State v. McMahon*, 201 Ariz. 548, 550, ¶ 5 (App. 2002). A statute is presumptively constitutional, and the party challenging its validity bears the "heavy" burden of demonstrating otherwise. *Id.* "A statute is unconstitutionally vague if it fails to provide 'person[s] of ordinary intelligence a reasonable opportunity to know what is prohibited' and fails

to contain explicit standards of application to prevent arbitrary and discriminatory enforcement." *State v. Poshka*, 210 Ariz. 218, 220, ¶ 5 (App. 2005) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972)); *State v. Brown*, 207 Ariz. 231, 237, ¶ 16 (App. 2004). A statute need not be drafted with absolute precision to satisfy due process. *State v. Lefevre*, 193 Ariz. 385, 390, ¶ 18 (App. 1998).

¶16        A person commits MIW by "knowingly . . . [u]sing or possessing a deadly weapon during the commission of any felony [drug] offense[.]" A.R.S. § 13-3102(A)(8). In *State v. Petrak,* this court addressed a vagueness challenge to § 13-3102(A)(8) and construed the statute's plain language as requiring proof "that the defendant intended to use or *could have used the weapon to further the felony drug offense* underlying the weapons misconduct charge." 198 Ariz. at 264, 266, ¶¶ 13, 19 (emphasis added). We reversed Petrak's MIW conviction under § 13-3102(A)(8) because the trial court's jury instructions failed to inform the jurors of this required nexus between the weapon and the underlying charge of possession of marijuana for sale. *Id.* at 266, 268, ¶¶ 20, 30.

¶17        Here, the superior court instructed the jury as follows:

> The crime of misconduct involving weapons during the commission of a felony offense requires proof that the defendant committed the offense of possession of the dangerous drug for sale, [or] possession of a narcotic drug for sale . . . and[,] during the commission of such offense[,] knowingly possessed a deadly weapon that the defendant used, intended to use, or *could have used to further the offense*.

(Emphasis added.) *See* Revised Arizona Jury Instructions ("RAJI") Standard Criminal 31.028 (5th ed. 2019).

¶18        Padilla's vagueness claim focuses on the phrase "could have used" in the jury instruction. She argues: "[B]y including the possibility of . . . [a] conviction for a weapon that 'could' have been used still left the statute unconstitutionally vague. . . . Whatever events that transpire in the future that 'could' cause the person to use or intend to use the deadly weapon are speculative." But Padilla's argument ignores the phrase "to further the offense," which—according to *Petrak*'s reasoning—properly limited the weapon's illegal use to that which facilitated the underlying drug offenses at the time Padilla was possessing the drugs for sale. We find that § 13-3102(A)(8) is not unconstitutionally vague.

**¶19**        Alternatively, Padilla contends § 13-3102(A)(8) "allows a conviction with no guilty state of mind by the accused," and therefore it "violates established Arizona statutes assessing criminal liability." This argument fails. The statute expressly prohibits a person from *knowingly* using or possessing a deadly weapon while committing a felony drug offense.

## CONCLUSION

**¶20**        We affirm Padilla's convictions and sentences.

